ALDERSON *v.* NEWAYGO CIRCUIT JUDGE.

APPEAL AND ERROR—EQUITY—SETTLEMET OF RECORD.

> Under Chancery Rule 37*e* the circuit judge will not be
> compelled by writ of mandamus to certify to a record which
> does not contain a true or complete transcript of the proceed-
> ings so as to fairly present the questions involved in the ap-
> peal, although the appellee does not propose amendments
> to the proposed case.

Mandamus by John J. Alderson against Joseph Barton,
circuit judge for the county of Newaygo, to compel re-
spondent to settle and sign a record on appeal. Submitted
January 14, 1913. (Calendar No. 25,377.) Writ denied
February 18, 1913.

*Everett & Riblet,* for relator.

*William J. Branstrom,* for respondent.

KUHN, J. An order was entered that the respondent
show cause why he should not authenticate a proposed
record on appeal in a certain cause pending before him
wherein this relator is complainant and Daniel W. Hollis-
ter *et al.* are defendants.

The petitioner alleges that the record presented to the
court consisted of a motion to vacate or amend the order
or decree dismissing the bill of complaint filed in said
cause, the notice of the hearing of said motion, the affi-
davits of John J. Alderson, Fred R. Everett, George W.
Shepherd, and the letter to Anderson & Branstrom, all in
support of the motion, together with the order of the cir-
cuit judge denying said motion, and claims that it is a
complete record of all the proceedings had in said court
on said motion. It is also claimed that one of the solici-
tors for defendants was present in court when said pro-

posed case was presented to the court, and that he did
not propose nor offer any written amendments or correc-
tions to said record as presented.

The respondent, in his answer, sets up the following:

" This respondent denies that there was no evidence
taken on the hearing of the said cause, except the affida-
vits presented by the said complainant, and avers the
truth to be that on the 4th day of March, 1912, when the
said motion from which the said appeal was taken was pre-
sented to the court, there was also presented to the circuit
court by the said defendants a motion to retax costs, which
latter motion was entitled in the same cause and based and
growing out of the same state of facts and circumstances as
the former motion; that the former motion asked the court
to dismiss, and, if not to dismiss, to vacate, that portion (in
particular) of the decree entered dismissing the original
bill of complaint, which provided for certain witness fees
and the latter motion, viz., the motion to retax costs,
asked for the retaxation of costs pertaining to the said
witness fees; that the said motions were practically heard
at the same time, *i. e.*, the said complainants read certain
affidavits, copies of which are part of relator's petition,
which was the evidence produced by the said complain-
ant on both motions and the defendant produced certain
witnesses that were sworn and testified in their behalf,
which was the evidence produced by the said defendant
on both the said motions; that after the production of
said testimony by the said complainant and the said de-
fendants on said motions, and after hearing arguments of
counsel, and being fully advised in the premises, this re-
spondent denied the motion of the said complainant (rela-
tor), and allowed the motion of the said defendants; that
this respondent did not decide the said motion of the said
complainant upon the affidavits merely as the said record
would make it appear, but upon the testimony of wit-
nesses sworn in open court."

The respondent further says that while no amendments
to the record were offered or suggested by the counsel
who was present at the time the proposed record was pre-
sented to him, if mandamus should issue, it would compel
him to certify a record that was not full, complete, nor

correct, and it would be unfair and unjust to the parties litigant and would present said cause to this court in a false light.

Our attention is called to Chancery Rule 37, subd. "*e*" (158 Mich. xxx), which provides:

"(*e*) In case of the failure of the adverse party to prepare and serve his amendments to the proposed case on appeal, together with the exhibits and other papers required by this rule to be served in connection therewith, the judge who heard said cause or proceeding, or in the event of his absence or disability, then any other judge authorized to act in any matter in connection with the settling of cases for review on appeal as provided by this rule, upon its being made to appear by affidavit, or otherwise, to his satisfaction, that due service of the papers required to be served by the party seeking the appeal was made upon the adverse party, or his solicitor of record, and that all steps required by this rule to be taken by the party so seeking to appeal have been so taken by him within the time required, and of the expiration of the time herein limited for the service of the proposed amendments by said adverse party, shall certify and settle the case in the manner and form as proposed by the party seeking to appeal as the case on appeal therein."

No amendments having been presented, it is urged that it was obligatory upon respondent to certify and settle the case in the manner and form as proposed by the parties seeking to appeal. We cannot agree with this contention, as subdivision "*a*" of the same rule provides that the case made and settled shall set forth the substance of all the evidence taken or read at the hearing, and the language of the rule should be construed to mean that, if no such amendments are offered, the court shall certify the case, if he is satisfied that it presents a proper record of the proceedings had before him, and fairly presents the questions involved in the controversy to this court.

This proceeding being heard on petition and answer, the averments in the respondent's answer must be taken as true. It would be manifestly improper to compel a circuit

judge to authenticate a record which he considered incomplete, and which would not properly present to this court the evidence upon which he based his conclusions.

Relator's petition is denied, with costs.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.