MICHIGAN RAILROAD COMMISSION *v.* DETROIT & MACKINAC RAILWAY CO.

**1. MANDAMUS—RETURN—DENIALS—PLEA.**

The denial by respondent of material averments of the relator's petition in mandamus is conclusive under the judicature act (3 Comp. Laws 1915, § 13440), unless an issue is raised by the plea.

**2. SAME—PETITION—PEREMPTORY WRIT.**

In a mandamus proceeding by the Michigan Railroad Commission against the Detroit & Mackinac Railway Company which, after the final or peremptory writ was ordered issued, filed a petition to secure the recall of such order, on the basis of alleged new facts, set up in the petition, *held,* that the new matter was involved in a suit in chancery pending in the Wayne circuit court and that the questions had been passed upon by the Supreme Court of the United States, on appeal from the decision of this court, no different conclusion should be reached in a summary proceeding in which the evidence was not all before the court.

Mandamus by the Michigan Railroad Commission against the Detroit & Mackinac Railway Company to compel respondent to comply with an order of said commission: On petition of respondent to vacate and recall an order granting said writ. Submitted June 26, 1916. (Calendar No. 25,373.) Petition denied July 21, 1916.

*Grant Fellows,* Attorney General, *D. H. Crowley,* Assistant Attorney General (*I. S. Canfield,* of counsel), for relator.

*James McNamara* and *Fred A. Baker,* for respondent.

STONE, C. J. The opinion of this court in *Michigan Railroad Commission* v. *Railway Co.,* 178 Mich. 230 (144 N. W. 696), gives a history of the proceedings in this case to December 20, 1913, the date of the order that a peremptory mandamus issue. The case was removed by the railway company by writ of error to the Supreme Court of the United States, where the judgment of this court was affirmed on April 3, 1916, the latter opinion being reported in 240 U. S. 564 (36 Sup. Ct. 424). In the meantime the equity case commenced by the railway company against the railroad commission in the Wayne circuit court, in chancery, has been terminated. In that case the Fletcher Paper Company intervened as a defendant and answered, and upon the issue so formed in the chancery case a large amount of testimony was taken. This, with the prior testimony, was certified back to the railroad commission, there argued, and returned to said circuit court, without change in the order of the railroad commission which it had made on August 3, 1911. Upon final hearing before the Wayne circuit court, in chancery, the bill of complaint was dismissed with costs, and the railway company has claimed an appeal to this court, but the record in that case is not before us. On June 10, 1916, a peremptory mandamus was issued by this court, which was duly served on June 12, 1916.

A petition of which the following is the substance was filed in this court by the railway company on June 22, 1916, and the answer of the railroad commission was filed June 26, 1916:

The Detroit & Mackinac Railway Company has filed its sworn petition in this court representing that:

(1) It has been served with a peremptory writ of mandamus issued in the above-entitled cause on June 10, 1916, commanding it to put into full force and effect the order of the Michigan railroad commission made on August 3, 1911, upon the application of the

Fletcher Paper Company, which order is mentioned and referred to in the order of this court made on December 20, 1913, upon the petition of the Michigan railroad commission, and commanding it to put in force the said order to relay the rails on the Tubbs branch, and to accept shipments offered to it on said branch by the Fletcher Paper Company, and to grant to the said Fletcher Paper Company the same facilities heretofore granted by it to the Churchill Lumber Company, and to the Fletcher Paper Company, successor to the Churchill Lumber Company, and to such other persons, firms, or corporations as have made shipments over said Tubbs branch, sometimes called Martindale spur. And it prays that said writ be vacated and recalled.

The petition further represents:

(2) That not long after petitioner removed the half mile of rail and discontinued service on the Tubbs branch the Fletcher Paper Company removed all the logs and timber it had banked along the Tubbs branch, and that it now has no logs or timber on said branch, nor has any one else any logs or timber there. The sworn answer of the Michigan railroad commission denies the allegation of said paragraph, and avers that the logs that were banked upon the Tubbs branch at the time that petitioner removed the rails were during the winter of 1913-14 hauled to the main line of petitioner, but that there still remains on said branch and tributary thereto hemlock logs and timber amounting to more than 14,000,000 feet.

(3) Petitioner states that the Fletcher Paper Company has no timber or any interest in timber tributary to the Tubbs branch, nor has any other corporation, firm, or person any such timber; that all the timber tributary to the Tubbs branch has been cut and removed, and if the branch is restored it will be of no use to any one; that the Tubbs branch was built under

a contract with the Churchill Lumber Company, which contract provided that said Churchill Lumber Company should furnish the right of way, do the grading, and furnish the ties, the railroad company to furnish and lay the rails, and operate the branch for the Churchill Lumber Company; that said branch cannot now be operated in its present condition unless at least 6,000 new ties are furnished immediately to replace the rotten ones. In its answer the relator denies the allegations contained in this paragraph, and, on the contrary, charges and avers that said Fletcher Paper Company owns upwards of 14,000,000 feet of timber tributary to the Tubbs branch, and which must be brought out over the same to the main line of the petitioner, and thence to Alpena; that relator admits that the said Tubbs branch was built by the Churchill Lumber Company making the grade and laying the ties, and that thereafter petitioner took over the branch, furnished and laid the steel, ballasted the track, and kept the same in repair; that petitioner on or about September 9, 1910, took up a portion of the rails on said branch, and thereafter refused to replace the rails, or to transport forest products over the branch, which said refusal has continued to the date thereof; that pending the proceedings upon the bill of complaint filed by petitioner in the Wayne circuit court, in chancery, the relator applied to this court and obtained an order for a peremptory writ of mandamus against petitioner requiring the relaying of the rails and the restoration of service in hauling logs and timber over the branch, which proceedings petitioner removed by writ of error to the Supreme Court of the United States, where the case was heard and affirmed April 3, 1916; and that since this court granted the writ of mandamus, and during the pendency of the proceedings above mentioned, the case pending in the circuit court for the county of Wayne, in chancery, has

been fully heard upon proofs taken in open court and before a commissioner, and the said petitioner's bill was on April 6, 1916, dismissed with costs.

(4) The petitioner further avers that the Onaway & Northern Michigan Railroad Company, duly incorporated under the railroad laws of this State, is owned and controlled by the Lobdell & Churchill Company, now the Lobdell & Emery Company, of Onaway, where it has a mill and manufacturing plant making use of many millions of feet of hard wood, and is the owner of numerous tracts of timber lands, containing hard wood with some hemlock, and that the Onaway & Northern Michigan Railroad was built to reach said lands. The answer of relator admits the existence, incorporation, and ownership of a logging branch or railroad as above named.

(5) The petitioner avers that the Lobdell & Emery Company owns the hard wood timber and the bark on the hemlock trees, and the Fletcher Paper Company owns the hemlock logs after the bark has been stripped from them, with the consequences that the same railroad service which takes out the hard wood and hemlock bark for the Lobdell & Emery Company also hauls the hemlock logs for the Fletcher Paper Company; that in that way the Onaway & Northern Michigan Railroad Company in the month of January, 1915, hauled from these timber lands to Onaway for the Fletcher Paper Company 1,434,940 feet of hemlock logs from which the bark had been stripped by the Lobdell & Emery Company. By its answer the relator admits the ownership of certain hard wood timber by the Lobdell & Emery Manfg. Company, and of the hemlock timber by the Fletcher Paper Company, but denies that said Onaway & Northern Michigan Railroad Company can or does render the service in the transportation of logs for the Fletcher Paper Company required of the Tubbs branch.

(6) Petitioner avers that in the spring of 1915 the Onaway & Northern Michigan Railroad was extended into the remaining timber lands in which the Fletcher Paper Company and the Lobdell & Emery Company are interested as aforesaid, and in the aggregate that railroad has taken out over 5,000,000 feet of hemlock logs for the Fletcher Paper Company since the controversy over the Tubbs branch began. The relator by its answer denies the allegations contained in the sixth paragraph of said petition.

(7) Petitioner avers that the Tubbs branch was built in 1906, and the ties supporting the rails have become rotten, and in order to restore the branch it will be necessary for the Fletcher Paper Company to furnish a large number of new ties, to wit, 6,000, to replace the decayed ties; that to take out the rotten ties and lay new ties and do the additional ballasting to put the track in shape for use would involve an expenditure of at least $3,000. By its answer relator admits so much and such parts of the allegations of the seventh paragraph of the petition as avers the building of the Tubbs branch in the year 1906, but denies all of the other allegations thereof. It avers that on September 9, 1910, when the petitioner removed the rails from the Tubbs branch, the said branch was in good condition of repair to be operated in the removal of logs adjacent and tributary thereto, and if the same is not now in the same condition of repair as it was when operated, the change is due to the refusal of the petitioner to obey the orders of the Michigan railroad commission of August 3, 1911, and the writ of mandamus ordered issued from this court December 20, 1913. Relator denies that it is now, or ever has been, the duty of the Fletcher Paper Company to renew the ties, or keep such branch in condition for operation after the same had been turned over to petitioner.

(8) The petitioner further states that the Tubbs branch does not reach the timber lands in question, and that it would have to be extended into them in order to be of any service to the Fletcher Paper Company, and that in view of the small amount of timber remaining, the Detroit & Mackinac Railway Company is not willing to furnish and lay the rails on any such extension. Relator in its answer denies the allegations contained in said last paragraph of said petition, so far as the same refers to the necessity of an extension of the Tubbs branch to take out the Fletcher Paper Company's timber. It avers that for the greater convenience of the Fletcher Paper Company it might become necessary to build some short spurs off from the Tubbs branch, but that the same is not absolutely necessary to remove the timber, although the haul would be shortened by such construction.

(9) Petitioner avers that the remaining tracts of timber in which the Fletcher Paper Company and the Lobdell & Emery Company are interested are so located that in order to reach the Tubbs branch very long hauls of from two to four miles would have to be made, and which hauls would cross the track of the Onaway & Northern Michigan Railroad Company. This paragraph of the petition is denied by the answer of relator, and it is stated that the same questions set up in said paragraph and in the preceding fourth, fifth, and sixth paragraphs were involved in the case in the circuit court for the county of Wayne, in chancery, to review and set aside the orders of the Michigan railroad commission of August 3, 1911, and were decided adversely to petitioner. It is further averred by relator that under the peremptory writ of mandamus issued out of this court on June 10, 1916, of which due service was made upon the general superintendent of the petitioner on June 12, 1916, the said petitioner has not relaid the rails on the said Tubbs

branch, nor accepted shipments offered to it on said branch by the Fletcher Paper Company, and has not granted to the said Fletcher Paper Company the same facilities heretofore granted by the said Detroit & Mackinac Railway Company to the Churchill Lumber Company, as required by the said writ; that under the order of this court dated December 20, 1913, the said Fletcher Paper Company was required to furnish a bond in the penal sum of $10,000 to indemnify petitioner in manner and form as provided in the opinion of this court, and that such bond was executed December 31, 1913, and approved by the clerk of this court, and filed therein January 8, 1914, and that such bond will fully cover any expense that respondent petitioner may be wrongfully put to in and about the compliance with said writ of mandamus, and that no cause exists why petitioner should apply to this court in respect to any of the matters set forth in said petition.

The petitioner prays that the said writ of mandamus be vacated and recalled, or, if that relief is not granted, to suspend the operation and force of the writ until the Fletcher Paper Company furnishes and places along the Tubbs branch 6,000 new ties.

No plea has been filed to the return or answer of the railroad commission, and no issue framed, and the matter has been submitted upon the petition and answer.

Under the provisions of section 4, chap. 36, of the judicature act (3 Comp. Laws 1915, § 13440), all material facts stated in the return or answer in a mandamus proceeding that are not specifically denied by plea are taken as admitted to be true. If that rule is to be applied here, the petitioner has not shown itself entitled to any relief; for the answer fully meets the allegations of the petition. But, aside from the question of practice, we are of the opinion that the petition should be denied because this court has already held, upon the

192 Mich.—28.

facts found by the railroad commission, that a writ of mandamus should issue to put into effect the commission's order, pending the outcome of the chancery suit in the Wayne circuit court, and this holding has been affirmed by the Supreme Court of the United States, and there is nothing in this record that ought to change that holding. It appears that the new matter contained in the railway company's petition, and not before this court when the mandamus was ordered, was involved in the issue made by the pleadings in the chancery case in the Wayne circuit court. That matter is not before us, and, if it were, this is not the proper way to dispose of such questions, especially as that case is on its way to this court, where it will be regularly considered upon its merits. In its former opinion this court held that it was not called upon to consider and determine the merits of the controversy between the Fletcher Paper Company and the railway company, as such questions were involved in the chancery case. The question as to who should furnish the ties for repairs to the Tubbs branch is not required to be answered by this court in this proceeding in advance of the performance by the railway company of its duty under the writ of mandamus, that company being protected by the indemnity bond furnished by the Fletcher Paper Company under the order of this court; hence we leave that question for future consideration upon a proper record.

We must decline in this summary manner to make any ruling which would have a tendency to reverse the decision of the Wayne circuit court, in chancery, and the order of the railroad commission, especially as that record is not before us, and we have not had the opportunity to examine the testimony in that case.

The petition is denied, with costs.

OSTRANDER, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred. KUHN and BIRD, JJ., did not sit.