THIEDEMANN *v*. MICHIGAN STATE BOARD OF DENTAL EXAMINERS.

MANDAMUS—DENTISTRY—PLEADING—ANSWER—STATUTE.

In mandamus proceedings to compel the State board of dental examiners to issue to plaintiff a license to practice dentistry in this State, where plaintiff filed no plea to the answer of the board stating that he had failed to pass the required examination, said answer must be taken as admitted to be true, under section 4, chap. 36, of the judicature act (section 13440, 3 Comp. Laws 1915), and the writ denied.

Mandamus by William L. Thiedemann to compel the Michigan State board of dental examiners to issue to him a license to practice dentistry in this State.    Submitted October 8, 1918.    (Calendar No. 28,426.)    Writ denied December 27, 1918.

*Charles G. Turner*, for plaintiff.
*William K. Clute*, for defendant.

See note in 7 L. R. A. (N. S.) 528.

STONE, J.   Relator presented his petition, sworn to
on May 3, 1918, to this court praying that a writ of
mandamus might issue, directed to the Michigan State
board of dental examiners commanding that board to
cause a license to be issued to said petitioner, under
Act No. 338 of the Public Acts of 1907, as amended by
Act No. 183 of the Public Acts of 1913 (2 Comp. Laws
1915, § 6748 *et seq.*), to practice dentistry in this
State.   In his petition to this court relator represented
that he was a graduate of the Marquette University,
dental department, and was graduated in the class of
May 1, 1905, and received his diploma to practice den-
tal surgery; that said Marquette University is a rep-
utable dental college duly organized under the laws
of the State of Wisconsin; that under said license he
practiced dentistry and dental surgery in a number
of towns and cities in Wisconsin; that in the fall of
1917, desiring to locate and practice his profession in
this State, he made an application under the provi-
sions of the statute above referred to, to be licensed
and registered by the respondent board, and for an
examination as to his proficiency in his profession,
and that acting under section 5 of the act above speci-
fied, he filed an application in writing supported by
an affidavit, stating the facts which entitled him to
such examination, and that before taking such exami-
nation he presented to said board his diploma and
license from said university and the State of Wiscon-
sin, for verification as to genuineness; that he paid
the legal fee of $20, and presented himself for exami-
nation to the respondent, at the first regular meeting
for examination, after his application had been made,
as provided by law.

In and by his petition, relator further represents
that he was examined by the respondent, upon the
subjects included in section 5 of the act above referred
to, said examination being practical, and oral, both,

and that he successfully passed the examination required of him by the respondent, but that he has never received his license to practice dental surgery in this State from said board, and that said board now refuses to give the same to him.

After stating that he is a person of good moral character, relator reiterates that he successfully passed such examination, and was entitled to receive such license, and that respondent refuses to state why the same is withheld; and he states that respondent at no time has denied that he passed the required examination.

The petition then sets forth an extended correspondence between the attorney of the relator and the secretary of the respondent, which in our view of the case, as shown by this record, it is not necessary to consider.

An order to show cause why the writ of mandamus should not issue was made, and the respondent board has made return and answer thereto. In its return the respondent board, among other things, says:

"Answering paragraph 5 (unnumbered), respondent says that relator took the examination before respondent board in practical dental work as provided might be done in such cases by said reciprocity contract hereinbefore set forth. Such examination consisted of clinical and practical work on the subjects of: (*a*) Filling; (*b*) Crown; (*c*) Plate. That the rules and practice of said respondent board fixed a standard upon a scale of 100 points perfect in marking all applicants taking such examinations, and the standard upon each of those three subjects which must have been attained by the relator as applicant for a Michigan license in order to pass the examination was 75 points. That if he fell below that standard on any one of the three subjects, he failed and was in no event entitled to a license. That said rules are uniform and apply alike to all applicants under said reciprocity contract. That on the examination before respondent board which relator applied for and took in

November, 1917, his standings were as follows: on filling, 70 points; on crown, 77 points; on plate, 70 points, and which results were entered upon the official records of this board and are a part thereof. That his degree of proficiency and technical skill attained in dentistry, as shown by his examination, was not sufficient according to the uniform standard set by respondent board in such cases to entitle him to a license to practice dentistry in Michigan, and he failed to pass the examination. That his case on said examination was dealt with and decided by the same methods and uniform rules which apply to every other applicant similarly situated. That by reason of his failure to pass his examination on two of the foregoing subjects, said applicant is and was not entitled to a dentist's license to practice under the laws of the State of Michigan. The applicable rules then and now in force provided as follows:

" 'Rule 15. Applicants taking the examination under the terms of reciprocal contracts with other States will be required to take the examinations in practical work only.

" 'Rule 18. In the theoretical work of the examination the applicant must have a general average of seventy-five per cent. In practical operative, and in practical prosthetic and crown work, if the applicant falls below seventy-five per cent. he shall fail to pass; but he may be re-examined on that in which he failed at the next regular examination.'

"Respondent, therefore, for the reasons and facts herein set forth, says that relator is not entitled to a license to practice dentistry or dental surgery in Michigan."

Section 2 of the act above referred to gives the said board power "to make by-laws and necessary regulations for the fulfillment of their duties under this act."

In the course of the correspondence between relator's attorney and the secretary of the respondent, as appears by petition of the relator, and under date of February 20, 1918, the secretary wrote said attorney as follows:

"I, have to suggest that it appears that you have been misinformed concerning this board having informed Dr. Thiedemann that he had successfully passed the Michigan State board of dental examiners.

"Entirely aside from the question, however, we believe that we are fully prepared to show why the doctor may not be given his license to practice dentistry in this State at this time. I do not recall at this moment the standings of the doctor, but whatever percentages he earned in the examination will be found upon the records properly placed to his credit.

"I have the honor to refer you for all further correspondence in the matter, to Dr. B. S. Sutherland, the new secretary, of Owosso, Mich."

Under date of March 4, 1918, appears the following letter from Dr. Sutherland, the secretary, addressed to the attorney of the relator:

*"Dear Sir:* Your recent letter regarding Dr. W. L. Thiedemann at hand and contents noted. I do not know, nor can I understand, just what contention Dr. Thiedemann is making or what inference you draw from the letters you mention. But permit me to say in all kindness that the records now in my hands do not show that he successfully passed this board.
                    "Yours very truly,
                              "B. S. SUTHERLAND."

These facts must have been known to relator two months before he filed his petition here.

Section 6750, 2 Comp. Laws 1915, being section 3 of the said act as amended, reads in part as follows:

"All persons who desire to begin the practice of dentistry in this State after the passage of this act, and who shall have a license from the dental board of another State, requiring preliminary education before examination for license equal to the standard required of applicants for examination and registration in this State, or who shall have received a diploma from the faculty of some reputable college duly organized under the laws of this or any other State of the United States, or any other country, shall have the right to apply to the dental board of this State for

examination as to their proficiency; and all successful applicants shall be licensed and registered by said dental board."

There can, we think, be no question of the power of the board to make reasonable rules and regulations in regard to such examination. And there can be no question as to the reasonableness of the rules here referred to.

An examination of this record shows that there was no plea filed to the return or answer of the respondent board. Section 4 of chapter 36 of the judicature act (3 Comp. Laws 1915, § 13440), relating to mandamus proceedings, reads as follows:

"Whenever a return shall be made to any such writ, the person prosecuting the same may plead to all, or any of the material facts contained in said return; and such issue of fact thus joined, shall be determined as in other cases: *Provided,* That all material facts stated in said return, that are not specifically denied by plea, shall be taken as admitted to be true. In case no plea is filed to such return, the cause shall stand for hearing upon the petition and return."

It has been frequently held that in a case heard on petition and answer, the averments in the respondent's answer must be taken as true, in the absence of a plea. *Michigan Railroad Commission* v. *Railway Co.,* 192 Mich. 426, 433; *Anderson* v. *Newaygo Circuit Judge,* 173 Mich. 608, 610.

There can, in our opinion, be no question as to the conclusiveness of the return of the respondent board, upon the question of the relator having failed to pass a successful examination. This is sufficient to dispose of the case.

The writ is therefore denied, with costs.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred.