KLATT *v.* WAYNE CIRCUIT JUDGE.

1. MANDAMUS—AMENDED RETURN—STATUTES—REVIEW.
   Under 3 Comp. Laws 1915, § 13437, on application to the Supreme Court for mandamus against a circuit judge to review an order or decision, amendments to the return may be proposed to such judge and are to be determined by him according to the facts, and the question of a proposed amended return will not be considered by this court.

2. SAME—RETURN—FAILURE TO FILE PLEA ADMISSION OF FACTS.
   Where no plea is filed to the return, all the material facts

stated therein must be taken as admitted to be true, under 3 Comp. Laws 1915, § 13440.

3. REPLEVIN—CUSTODY OF PROPERTY—STATUTES—MERITS OF CASE.
   In proceedings under 3 Comp. Laws 1915, § 13088, to determine the custody of property pending suit in replevin upon affidavit that it has an especial value that cannot be satisfied in money, the merits of the case were not before the circuit judge.

4. MANDAMUS—NOT ADJUDICATION OF RIGHTS.
   Mandamus proceedings do not adjudicate rights, but are a mode of enforcing existing rights.

5. SAME—NOT OF RIGHT BUT DISCRETION.
   The writ of mandamus is not one of right, but one of discretion.

6. SAME—ABUSE. OF DISCRETION.
   Where contradictory or conflicting affidavits have been filed and a question of fact raised which has been passed upon by the circuit judge, his decision ought not to be disturbed or reversed unless there has been an abuse of discretion.

7. SAME.
   On examination of affidavits before the circuit judge pro and con, held, no abuse of discretion shown.

8. REPLEVIN—FOREIGN CORPORATIONS—LICENSE.
   In said proceedings, whether the foreign corporation which originally sold the property had ever been licensed to do business in Michigan, held, unimportant.

9. SAME—CUSTODY OF PROPERTY—STATUTES—CONSTRUCTION.
   The contention of counsel for plaintiff that the provisions of said statute can only apply to property consisting of heirlooms, keepsakes, paintings, originals of works of art or skill, or documents or records where money could not restore the article, cannot be sustained.

Mandamus by William F. Klatt to compel Adolph F. Marschner, circuit judge of Wayne county, to vacate an order assigning the possession of certain property in replevin proceedings. Submitted November 30, 1920. (Calendar No. 29,296.) Writ denied December 21, 1920. Rehearing denied February 10, 1921.

*Wurzer & Wurzer,* for plaintiff.

*A. W. Sempliner,* for defendant.

STONE, J.   The petition of the plaintiff was filed in this court praying for a writ of mandamus against the defendant, one of the judges of the circuit court for the county of Wayne, to compel him to vacate an order made in a replevin suit hereinafter described.   At the threshold of the case we are met in the record with the application of plaintiff for amendments to the return of the defendant, supported by affidavits.   We know of no such practice in this court.   Section 13437, 3 Comp. Laws 1915, being a part of the judicature act, provides that whenever application is made to this court for mandamus against any circuit judge, for the purpose of reviewing any order or decision made by such judge in any matter or proceeding before him, he shall settle the return as therein provided.   The closing sentence of this section reads as follows:

"Amendments to such showing or return may be proposed by the applicant or his attorney and all disputes respecting the same shall be determined by such judge according to the facts on such settlement."

We do not think the question of a proposed amended return is before us, and we shall therefore pay no more attention to it.

It will be further noticed on examination of this record that no plea was filed to the return, and the matter is therefore before us for hearing upon the petition and return.   All the material facts stated in the return must be taken as admitted to be true.   See section 13440, 3 Comp. Laws 1915; *Thiedemann* v. *Board of Dental Examiners,* 204 Mich. 151.

It appears by the petition for the writ, and by this record, that Johnston B. Kennedy and Jacob Stahl commenced an action of replevin in the circuit court

for the county of Wayne against William F. Klatt and the Duplex Theatre Company, a Michigan corporation, for the possession of certain theater chairs. They claimed in said suit that their damages were $8,000. The writ was issued and the property was appraised at $2,330. The plaintiffs therein executed a bond to the sheriff, as required by sections 13087 and 13088, 3 Comp. Laws 1915, in double the appraised value, which bond was duly approved. The writ was duly served on defendant William F. Klatt on May 6, 1920, but was never served upon the defendant Duplex Theatre Company because that company had ceased to do business and its officers could not be found. The defendant Klatt filed the bond required by the statute in double the amount of the appraised value, which was duly approved. Thereupon the plaintiffs in the replevin suit filed their application, supported by the affidavits of Jacob Stahl and Johnston B. Kennedy, stating that the question of the custody of the property taken would be submitted to the defendant, presiding circuit judge of said county, at his court room in the city of Detroit, on the 12th day of May, 1920, at the opening of court on said day, or as soon thereafter as counsel could be heard. Such proceeding was claimed to be had under the provisions of said section 13088. That part of the section involved reads as follows:

"*Provided,* That if either party, before the delivery of the property by the officer to the opposite party, shall make and present to such officer an affidavit, setting forth that the property replevied, or any part thereof, has an especial value to him that cannot be satisfied in money, together with a notice in writing that the question of the custody thereof will be submitted to the judge of the circuit court, or a circuit court commissioner of the county, at a time and place therein stated, not exceeding five days from the date thereof, and shall serve upon the opposite party, or

212—Mich.—38.

his attorneys, a copy of such affidavit and notice, at least two days before the time of hearing mentioned, the officer shall retain custody of such property until the time mentioned in such notice, and until the order of such judge or commissioner thereon. Such judge or commissioner, on proof of service of such affidavit and notice, shall hear the claims of the respective parties, and by order under his hand, award the possession of such property, pending the suit, to either party, on the execution of a bond as herein required, as he shall deem just."

The affidavit of Jacob Stahl, one of the said plaintiffs, after reciting that said property was then in the custody of the sheriff of Wayne county by virtue of the writ, stated that said property had an especial value to the plaintiffs therein that could not be satisfied in money; that

"the chairs involved in this suit were purchased for about $6,000, but that at the present time, because there are none for sale, they are worth far more than their original cost, and far more than their intrinsic value, and are worth in excess of $16,000. That deponent Stahl has made an agreement to deliver these chairs to a theater in Lansing, and because of market conditions, specific performance of such agreement could be enforced."

There was also the accompanying affidavit of Johnston B. Kennedy, the other plaintiff therein, to the same effect, except as to the last sentence of the affidavit.

The parties appeared before the defendant, and the affidavit of William F. Klatt was filed, stating in substance that the chairs described in the writ of replevin were theater seats firmly and securely attached to the building sometime known as the Duplex Theatre; that said seats were originally purchased by the Grand Boulevard Theatre Company from Andrews & Company of Chicago, who installed the same over four years ago and that they had remained there ever

since, and were still so attached to the building as aforesaid; that subsequent to the installation of said chairs a first mortgage was given on the entire real estate of the Grand Boulevard Theatre Company, consisting of said real estate and building, together with all real fixtures; that said building where said seats were so installed was then being operated as a theater, and that said chairs were essential to the use and occupancy of said premises, and that great and irreparable loss would result to the owners of said property if such chairs were removed; and that said chairs could not be removed without damage to the freehold. This affidavit denied that said chairs had any special value to the plaintiffs in the replevin suit that could not be satisfied in money but that, on the contrary, said plaintiffs have frequently offered and proposed to dispose of their alleged interest in said chairs at a figure far less than $6,000, and the affidavit denied that plaintiffs have any property in said chairs whatever.

The matter before the defendant was held open, and on the 21st day of May an additional affidavit was filed by said William F. Klatt setting up more fully the circumstances under which said chairs were purchased from said A. H. Andrews & Company, and that said Andrews & Company never qualified to do business in the State of Michigan. It states that the plaintiffs in the replevin suit took some sort of an assignment of the claim of Andrews & Company, claiming that there was a balance due upon the said chairs. It also alleged the giving of the mortgage upon the real estate to Ransom E. Olds, which had been foreclosed, and that the time for redemption had expired, and that the said Klatt "was in possession thereof, by, under and through the assignee of said Olds." An additional affidavit was also filed by Johnston B. Kennedy on the 24th day of May, 1920, and a further affidavit was

filed by the said Klatt on the 1st day of June, 1920, with reference to the right to the possession of said chairs.

The hearing of said matter was postponed from time to time in an effort by defendant herein to have said case set down for trial before one of the other circuit judges. It further appears that on June 3, 1920, the Klatt Land Company, a Michigan corporation, of which the said William F. Klatt was president, claiming said chairs as part of the freehold, and claiming that it was entitled to the freehold, commenced a suit in the circuit court of said county, in chancery, against said Jacob Stahl and Johnston B. Kennedy to prevent them from doing any damage to the freehold, and it secured a temporary injunction restraining said Jacob Stahl and Johnston B. Kennedy, and their servants or agents, or any one in their behalf, "from either directly or indirectly removing or ordering the removal of any theater chairs from the theater building formerly owned by the Grand Boulevard Theatre Company, and sometimes called the Duplex Theatre, in the city of Detroit, Michigan."

Finally, upon the 5th day of June, the attorneys for the respective parties in the replevin suit appeared before the defendant circuit judge, and after a statement by the attorney for said Stahl and Kennedy as to the commencement and pendency of said injunction suit, defendant circuit judge entered the following order (after entitling the court and case in the usual form) :

"Due proof of service of the affidavit and notice filed herein having been made before me, and on reading and filing the petition of Jacob Stahl and Johnston B. Kennedy, praying for custody of the property involved in the above replevin action and after hearing the claims of the respective parties concerning the custody of the property taken upon the writ of replevin issued in said cause; it is ordered, that pend-

ing said suit the property described in the writ of replevin shall be delivered by the sheriff of Wayne county, to Jacob Stahl and Johnston B. Kennedy, the plaintiffs above named, the said plaintiffs having heretofore filed bond in double the appraised value of said property as required by statute."

It is to set aside this order that this proceeding is brought.

The allegations in the petition, after setting forth the appearance before another circuit judge in an effort to have the case set down for trial, and that the attorney for said Stahl and Kennedy informed the plaintiff's attorney that he would not agree to any setting down of said case, but that he would go before the defendant circuit judge and take his order, the petition continues:

"That petitioner's attorney thereupon also appeared before said Judge A. F. Marschner, and, after a statement by the attorney for said Stahl and Kennedy, as to the pendency of said injunction, said judge, without further hearing petitioner's counsel, apparently angered by said injunction proceedings, stated that plaintiffs' order would be granted. That petitioner's attorney thereupon informed the court that there was no injunction restraining the prompt and due trial of said replevin action; that the Klatt Land Company had a right to pursue any remedy which it might have within the law, and that no litigant should be chastised for so doing."

In his answer to this allegation the defendant returns as follows:

"In the answer to the allegations contained in the forepart of paragraph 16, this respondent is informed that both attorneys did appear before the judge, but that the attorneys for the plaintiff stated that they would not remain because they said that by the filing of the said bill of complaint, the attorneys for the relator herein had broken faith with them and the court, and that, therefore, they would go before respondent and ask that an order be entered, one way or the other,

upon the motion that was then pending. In answer to the remaining allegations of said petition, this respondent avers that he believed, after a statement of the facts had been made to him by both attorneys, that the defendant in the replevin case and the relator herein, had broken faith with the court in instituting said injunction proceedings, and that he further believed that the relator herein was using every dilatory tactic that he knew of to prevent a fair and impartial trial of the replevin action as speedily as possible. That while the injunction did not prevent the trial of the replevin case, it rendered the replevin case of no avail inasmuch as, if the plaintiffs prevailed therein, they would be prevented from enforcing the judgment because of the injunction in the chancery matter. And respondent is informed and believes that the relator herein is the majority owner of the stock of the said Klatt Land Company, and that the Klatt Land Company has no better right to said chairs than has the relator herein, and respondent further avers that exercising the discretion he believes vested in him under said statute, he entered the order awarding the custody of the chairs to the plaintiffs."

A perusal of the briefs filed in this proceeding shows that an effort was being made by the attorneys herein, before the defendant circuit judge, to there try the merits of the case. Questions are discussed involving the claim as to whether the chairs were personal property or real estate, and as to which party was entitled to the possession of the chairs, and that the said A. H. Andrews & Company, an Illinois corporation, had never secured a license to do business in Michigan; and, finally, as to whether the sale of said chairs by said company was a conditional sale or an absolute sale with security.

In our opinion it was never the intention of the legislature in enacting the provision of the statute quoted which placed the parties upon an equality as to the right of possession of the property pending suit in replevin, to try the case upon its merits in this pro-

ceeding. The language of this court is pertinent upon this subject, as expressed in the case of *Detroit, etc., R. Co.* v. *Alpena Circuit Judge,* 152 Mich. 201. It was there said:

"The remaining new provision, relative to an application by either party, before the property had been delivered to the opposite party, for an order awarding the custody to the property pending the suit, if it has 'an especial value to him that cannot be satisfied in money' in terms was intended to be for the benefit of the plaintiff as well as the defendant."

We must hold that questions going to the merits of the case were not before the circuit judge. It has been held by us that mandamus proceedings do not adjudicate rights, but are a mode of enforcing existing rights. *Burland* v. *Mutual Benefit Ass'n,* 47 Mich. 424.

The writ is not one of right, but one of discretion. Where contradictory or conflicting affidavits have been filed and a question of fact raised which has been passed upon by the circuit judge, his decision ought not to be disturbed or reversed unless there has been an abuse of discretion. *Krekler* v. *Kent Circuit Judge,* 135 Mich. 94.

The defendant circuit judge returns that "exercising the discretion he believes vested in him under said statute, he entered an order awarding the custody of the chairs to the plaintiffs." This proceeding involves judgment and discretion on the part of the circuit judge, which could not in any way be corrected by mandamus unless there has been a clear abuse of discretion. Mandamus will not lie to obtain a decision upon the merits in such a case. *Sherwood* v. *Ionia Circuit Judge,* 105 Mich. 540.

The questions whether the property was personal property or real estate, who was entitled to the possession of the property, as matter of law, and kindred

questions, were not properly before the defendant circuit judge. The single question for him to determine was, whether the property replevied had an especial value to the moving party that could not be satisfied in money. We have examined the affidavits before the circuit judge pro and con upon this question, and are unable to say that there was any abuse in the judicial discretion exercised by the defendant circuit judge. It is equally unimportant whether A. H. Andrews & Company, a foreign corporation, had ever been licensed to do business in Michigan. See *Rex Beach Pictures Co.* v. *Garson Productions,* 209 Mich. 692.

It is said in argument by counsel for petitioner that the provisions of the statute can only apply to property consisting of heirlooms, keepsakes, paintings, originals of works of art or skill, or documents or records where money could not restore the article. We cannot agree with counsel in this contention, and simply call attention to *Detroit, etc., R. Co.* v. *Alpena Circuit Judge, supra,* where this statute was construed and applied in reference to property consisting of "three carloads of dry hides."

The writ of mandamus is denied, with costs against the plaintiff.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, CLARK, BIRD, and SHARPE, JJ., concurred.