PEOPLE *v.* MECOSTA CIRCUIT JUDGE.

MANDAMUS—INTOXICATING LIQUORS—SALE OF AUTOMOBILE—RETURN OF JUDGE TAKEN AS TRUE IF NOT DENIED BY PLEA.

On mandamus to compel a circuit judge to vacate an order denying a motion for the sale under section 31, Act No. 336, Pub. Acts 1921, of an automobile claimed to have been used for the illegal transportation of intoxicating liquors, the return of the judge that good cause was shown why said automobile should not be sold must be taken as true under 3 Comp. Laws 1915, § 13440, in the absence of denial thereof by plea.

Mandamus by the people of the State of Michigan, by John E. Dumon, prosecuting attorney of Mecosta county, to compel Joseph Barton, circuit judge of Mecosta county, to vacate an order denying a motion for the sale of an automobile under the provisions of the liquor law. Submitted January 15, 1924. (Calendar No. 31,254.) Writ denied March 5, 1924.

*John E. Dumon,* Prosecuting Attorney, for plaintiff.

*Alpheus A. Worcester,* for defendant.

MOORE, J.    The instant case arises out of the arrest of Frank Rogers and the seizure of his car.    The facts are as follows:

"On the 19th day of August, A. D. 1923, Frank Rogers and Harry Free were arrested in the township of Grant, Mecosta county, Michigan, charged with transporting and possessing intoxicating liquor. At the time of the arrest, the arrest being made without warrant, Frank Rogers was driving his automobile and the liquor which was seized, one gallon of moonshine whisky, was in the automobile. Both the liquor and the car were seized by the sheriff and a charge of transporting and possession of intoxicating liquor was preferred against both parties. The charge of transporting was later waived and both respondents pleaded guilty to possession. After the plea was entered by Frank Rogers, the prosecuting attorney moved the court for an order ordering the sale of said automobile in accordance with the provisions of the statute."

The trial judge declined to make the order.

The prosecuting attorney seeks a writ of mandamus to compel the trial judge to order the car sold. In his return to the writ of mandamus the circuit judge says in part:

"This respondent denies that no good cause was shown by the said Frank Rogers, on by his attorney and denies that no attempt was made to show good cause by said Frank Rogers or by his attorney, or by any other person why said order should not be made."

And further:

"That the respondent Frank Rogers made petition in open court for the return of said property and proved to the satisfaction of this respondent that he was lawfully entitled to the possession thereof."

The case calls for the construction of section 31, Act No. 336, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 7079 [31]), which reads in part as follows:

"No property right of any kind shall exist in any intoxicating liquors had, kept, transported or possessed contrary to law or in or to any receptacle or container of any kind whatever in which said liquors may be found and all such are hereby declared forfeited to the State and shall be seized.    *    *    *

"Any officer making an arrest for any violation of this act, may seize all evidence of the commission of such violation including any wagon, buggy, automobile, water or aircraft, or other vehicle of conveyance in which such liquors are had, kept, transported or possessed contrary to law.    *    *    *    Upon conviction of the person so arrested, unless good cause is shown to the contrary by the owner, the court shall order a sale at public auction by the food and drug commissioner of any vehicle or conveyance so seized, and such commissioner after deducting the expense of keeping such property and costs of such sale shall pay all liens, according to their priorities which may be established by intervention or otherwise at said hearing, or in other proceedings brought for that purpose as being *bona fide* and as having been created without the lienor having any notice that the carrying vehicle was being used or was to be used for the illegal having, possessing or transportation of intoxicating liquor, and shall pay the balance of the proceeds into the general fund of the State.    Any claimant of liquors, receptacles or containers seized under this act, in order to release the same from the operation of this act, may, at any time before final disposition thereof by the court as herein provided, file a petition in the court having jurisdiction of the matter for the return of said property and if said claimant shall prove to the satisfaction of said court that he is lawfully entitled to possession thereof, the same shall be returned to him."    *    *    *

It will be noticed that the rights of lienors and claimants are carefully protected.    In case the owner of the car is convicted of a violation of the statute and it appears that in committing such violation he was using his car for the purpose of keeping, transporting or possessing the liquor therein as charged in the information, he may secure its return only on showing

good cause therefor.    Whether such good cause was shown is a question of fact.    The return is in effect a finding that good cause was shown, and, not having been denied by plea, must be taken to be true (3 Comp. Laws 1915, § 13440; *Klatt* v. *Wayne Circuit Judge*, 212 Mich. 590, 592), and if true the plaintiff is not entitled to the writ prayed for.

The writ of mandamus is denied, but without costs to either party.

BIRD, SHARPE, and FELLOWS, JJ., concurred with MOORE, J.

CLARK, C. J., and McDONALD, STEERE, and WIEST, JJ., concurred in the result.