GRAND LODGE OF THE LOYAL ORANGE INSTITUTION OF MICHIGAN *v.* WAYNE CIRCUIT JUDGE.

1. MANDAMUS—NOT A WRIT OF RIGHT.
   Mandamus is not a writ of right.[1]

2. SAME—TEMPORARY INJUNCTION WILL NOT BE SET ASIDE UNLESS ABUSE OF DISCRETION SHOWN.
   The Supreme Court will not set aside an order of the circuit court granting a temporary injunction unless it appears that there has been a clear abuse of discretion.[2]

3. SAME.
   An order of the circuit court granting a temporary injunction restraining a lodge association from exercising the rights and privileges long enjoyed by another, pending the hearing of the cause upon the merits, will not be set aside by the Supreme Court, in the absence of a showing of abuse of discretion by the court below.[3]

Mandamus by the Grand Lodge of the Loyal Orange Institution of the State of Michigan to compel Fred S. Lamb, presiding circuit judge of Wayne county, to

[1]Mandamus, 38 C. J. § 16; [2]Id., 38 C. J. § 142; [3]Id., 38 C. J. §§ 142, 186.

vacate an order granting a temporary injunction. Submitted August 25, 1925.    (Calendar No. 32,102.) Writ denied October 1, 1925.

*Moore & Moore* (*Shirley Stewart,* of counsel), for plaintiff.

*Frederick Miller* and *George B. Murphy,* for defendant.

SHARPE, J.    On May 5, 1925, the Supreme Grand Lodge of the Loyal Orange Institution of the United States of America, an association, and the Grand Orange Lodge of the State of Michigan, an association, filed a bill in the circuit court for the county of Wayne, in chancery, against the plaintiff and petitioner herein, alleging, in substance:

1. That the Supreme Grand Lodge was organized about 75 years ago, and has maintained branches and issued charters to State grand lodges and subordinate lodges in many of the States during that time; that more than 30 years ago it organized and chartered a grand lodge and a large number of subordinate lodges in Michigan; that the plaintiff Grand Lodge of the Loyal Orange Institution of the State of Michigan was organized as a corporation under the laws of the State on the 25th day of June, 1895, for a period of 30 years from that day.

2. That on March 17, 1925, Thomas Ness and six others, whose names are stated, obtained from the State a certificate of incorporation of "The Grand Lodge of the Loyal Orange Institution of the State of Michigan."    In the articles of association as filed it is said to be—

"Organized and chartered by the Supreme Grand Lodge of the Loyal Orange Institution of the United States of America, which is recognized by and working under the jurisdiction of the Imperial Orange Council of the World."

232—Mich.—25.

3. That the action of the plaintiff in procuring such incorporation was based on a resolution purporting to have been adopted at a meeting of the Grand Lodge officers, Supreme Representatives and Executive Committee of the Grand Lodge of the Loyal Orange Institution of the State of Michigan, held on March 4, 1925, dissolving the said Grand Lodge, and naming Ness and the others named as incorporators to execute the articles of association of the new organization.

4. It is further alleged that such action was unauthorized by the plaintiff Supreme Grand Lodge, that the assumption of such name tends to, and was adopted with intent to deceive the public, and that persons have been "misled and brought to believe that this new corporation represents the Loyal Orange Institution of the United States of America, and the Grand Orange Lodge of the State of Michigan," whereas said Ness and others had no right to so incorporate or assume such name.

A writ of injunction, restraining the new incorporation "from using the name of the Grand Lodge of the Loyal Orange Institution of the State of Michigan, and from exercising any of the rights, privileges or duties, conferred by the constitution and by-laws of the true Loyal Orange Institution of the United States of America," was prayed for.

The bill was verified by William J. Kirkland, Supreme Grand Secretary, and by Robert E. Douglas, Michigan State Grand Master.

On the filing of the bill, an order to show cause why a temporary injunction should not issue was made. Hearing on this motion was delayed until June 6th. An order granting the temporary injunction was issued on June 8th.  In the meantime, the defendant therein had filed its answer, in which it denied all the material allegations on which relief was predicated, and by way of cross-bill averred that it alone was entitled

to use such name, and prayed that the plaintiffs therein be enjoined from doing so.

On June 20, 1925, the defendant in the court below filed its petition in this court, asking that the order granting the temporary injunction be set aside.    An order to show cause was granted, to which the circuit judge has made answer.    He admits the allegations in the petition in so far as they relate to the bill and answer filed and the action taken by him on the motion.    He, however, says that the hearing on the motion was delayed from May 9th from time to time until June 6th at the request of the plaintiff herein; that, after familiarizing himself with the pleadings and the decisions in other States in which a similar question was presented, "he stated the case was one that should be disposed of on its merits without delay."    That an effort was made to secure an early hearing of said cause and he was informed by counsel that the presiding judge would place the cause on call for June 23d, whereupon he concluded to grant the order, which was made conditional on the cause not being heard and disposed of before 20 days from June 6th.

He further returned that in his opinion the defendant in that suit had not shown good cause why the temporary injunction should not issue.

Mandamus is not a writ of right.    This court will not set aside an order of this kind unless it appears that there has been a clear abuse of discretion on the part of the trial judge.    *Klatt* v. *Wayne Circuit Judge,* 212 Mich. 590, 599; *Clabaugh* v. *Wayne Circuit Judge,* 228 Mich. 207, 215.

The plaintiffs in the original suit had been exercising rights under the name assumed by the defendant therein for many years.    With the merits of the controversy we have, at this time, no concern. The temporary order merely restrains the defendant

therein from exercising the rights and privileges long enjoyed by the plaintiffs, pending the hearing of the cause upon its merits. Under the rule above stated, we are unwilling to reverse the action of the trial judge. If the parties have been diligent in their efforts, it is likely that a trial on the merits has already been had.

The petition is dismissed, with costs to defendant.

MCDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.