In the Matter of the Application of MERTON E. LEWIS, as Attorney-General of the State of New York, Appellant, for Leave to Commence an Action against the HARLEM DENTAL COMPANY, Respondent, a Business Corporation, Vacating its Charter and Annulling Its Corporate Existence.

Third Department, November 12, 1919.

Corporation — petition for permission to sue to annul corporate charter — alleged failure to file certificate and make financial reports required by statute — practice of dentistry by corporation — Public Health Law, section 203, construed — leave to sue denied.

The Attorney-General will not be granted leave to commence an action to vacate the charter of a business corporation upon the ground that it has failed to file a certificate of payment of one-half of its capital stock which, by virtue of section 5 of the Business Corporations Law, must be filed within one year of the incorporation, where it appears that the corporation has filed annual reports for many years and paid taxes upon its stock. Nor can such action be based on the alleged failure of the corporation to file an annual report as required by section 34 of the Stock Corporation Law, where it appears that no request for the filing of such report has ever been made, that the corporation has no creditors other than those whose accounts are settled monthly, and that in fact it filed an annual report on the first of January preceding the verification of the Attorney-General's petition.

Nor will said action to annul the corporate charter be permitted upon the ground that the corporation is practicing dentistry contrary to subdivision

4 of section 203 of the Public Health Law, it appearing that the company was legally incorporated prior to 1916 and has complied with the provisions of said section, exempting legally incorporated dental companies existing and in operation prior to January 1, 1916, where their advertising is subject to the rules of the Regents and their employees are licensed and registered dentists. The corporation, although unlawful, was legally created, as the term is used in section 203 of the Public Health Law.

The words " legal " and " lawful " distinguished.

APPEAL by Merton E. Lewis, as Attorney-General, from an order · of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of said county on the 7th day of April, 1919, denying the petitioner's application for leave to begin an action to vacate the charter and annul the corporate existence of the Harlem Dental Company.

*Charles D. Newton, Attorney-General* [*Glenn A. Frank, Deputy Attorney-General,* of counsel], for the appellant.

*De La Mare & Morrison* [*A. B. Morrison* of counsel], for the respondent.

LYON, J.:

This is an appeal from an order denying as matter of law an application for leave to commence an action, pursuant to section 131 of the General Corporation Law. The action is to annul the existence of the corporation based upon three grounds: *First,* that the corporation had for years failed to file a certificate of payment of one-half of its capital stock; *second,* that it had failed annually during the month of January to file annual reports, and *third,* that it has practiced and is practicing dentistry in violation of the Public Health Law.

Section 5 of the Business Corporations Law requires that one-half of the capital stock of the corporation shall be paid in within one year from its incorporation, and that a certificate of that fact shall be filed, or the corporation shall be dissolved. The certificate of incorporation was filed October 22, 1902. The certificate of payment of capital stock was not filed until the 28th day of October, 1918, when a certificate showing that the entire capital stock was paid in at the time of the incorporation of the company on the 3d day of November, 1902, was filed in the office of the clerk of the county of New York. On the

30th day of October, 1918, a duplicate thereof was filed in the office of the Secretary of State. This was prior to the verification of the petition herein.

By section 34 of the Stock Corporation Law a corporation shall annually, during the month of January, make and file in the office of the Secretary of State an annual report. In case of the failure to make and file such report within ten days after written request so to do, the officer required to make and file such report shall forfeit to the People the sum of fifty dollars for every day he shall so neglect or refuse. In *People* v. *Buffalo Stone & Cement Co.* (131 N. Y. 140) Chief Judge EARL, writing the opinion, held that the failure of the corporation to make and file the certificate, and to pay in one-half of the capital stock as required, was cause for annulling the charter of the corporation. The four judges who sat with Judge EARL did not, however, concur in this branch of the opinion.

The affidavit of the treasurer used in opposition to this application states that all the original certificates of stock have been surrendered and new certificates issued; that for many years past, and as the affiant believes, since the incorporation of the company, annual capital stock reports have been filed in the office of the Comptroller of the State, until in recent years, when such certificates have been filed in the office of the State Tax Department, showing that the entire authorized capital stock has been issued, and all taxes imposed by the State on the same have been paid. The affidavit also states that the affiant knows of no request for the filing of an annual report ever having been made; and that the corporation has no creditors other than those whose accounts are settled monthly; and that an annual report as of the 1st day of January, 1918, was filed in the office of the Secretary of State on the 30th day of October, 1918, before the verification of the petition herein. The failure to file the certificate, which in the brief of the respondent is stated to exist in eighty per cent of the incorporations, would hardly be accepted by the courts as a sufficient ground for annulling the existence of a corporation, when it is shown that the annual report has been filed, and the taxes paid on the stock.

As to the third ground, that the company has been and is

practicing dentistry, it appears from this affidavit that said corporation has in all respects conformed to the provisions of the Public Health Law; that its advertising has been subject to the rules of the Regents, and that its employees who practice dentistry are duly licensed and registered dentists.

The stockholders having duly obtained the incorporation of the respondent corporation, and engaged in legally conducting the same, the question arises whether the court can declare the same void notwithstanding the rule of law. That a company could not be lawfully authorized to practice dentistry must be conceded. (*Hannon* v. *Siegel-Cooper Co.*, 167 N. Y. 244; *People* v. *Woodbury Dermatological Institute*, 192 id. 454; *Matter of Co-operative Law Co.*, 198 id. 479.)

Section 203, subdivision B, paragraph 4, of the Public Health Law (as amd. by Laws of 1916, chap. 129) prohibits a person from practicing dentistry under a corporation, parlor or trade name; " provided that legally incorporated dental corporations existing and in operation prior to January first, nineteen hundred and sixteen, may continue so operating while conforming to the provisions of this act. Their advertising subject to the rules of the Regents, and employees of said corporations shall be licensed and registered dentists, and corporations that cease to exist or operate for any reason whatsoever shall not be permitted to resume operation."

This corporation, although unlawful, was legally created as the term is used in section 203. Legally incorporated means that the incorporation was proper as to matter of form. The word legal is to be distinguished from lawful. Legal refers to matters of form; lawful refers to matters of substance. (Black L. Dict.) " Lawful means conformable to the principle, spirit or essence of the law, and is applicable to moral as well as juridical law. Legal means conformable to the letter or rules of the law as it is administered in the courts; conformable to juridical law." (Webster Internat. Dict.)

It seems that where the State seeks by action to destroy the life of a corporation it must show some grave misconduct on the part of the latter, some sin against the law of its being, not merely formal or incidental or affecting only private interests, but material and serious, and which has produced or tends to produce injury to the public. (*People* v. *North*

*River Sugar Refining Co.,* 121 N. Y. 582.) If the Legislature did not intend to legalize and exempt corporations formed as this one was, it is difficult to understand what meaning was intended. The Legislature plainly intended to legalize such corporations as were in existence and in operation January 1, 1916. Otherwise, the language is without meaning. We must give effect to the plain wording of the statute.

The order should be affirmed.

Order unanimously affirmed, with ten dollars costs and disbursements.