THIEDEMANN v. MICHIGAN STATE BOARD OF DENTAL EXAMINERS.

1. MANDAMUS—JUDICATURE ACT—ISSUES FORMED BY PLEA TO RETURN—DETERMINATION.
    Under section 4, chap. 36, of the judicature act (3 Comp. Laws 1915, § 13440), which supersedes sections 9970, 9971, 3 Comp. Laws 1897, the person prosecuting the writ of mandamus may plead to any or all of the material facts contained in the return, and such issue of fact shall be determined as in other cases; but all material facts stated in said return not specifically denied shall be taken to be admitted as true.

2. SAME—REFERENCE TO CIRCUIT COURT TO TAKE TESTIMONY ON ISSUES.

Where plaintiff's plea denied all of the material statements in defendant's answer, but the material facts necessary to the disposal of the issues thus formed are not available to this court, the case will be referred to the circuit court to take testimony thereon and return same to this court with the opinion of the court thereon.

3. SAME—AFFIDAVITS IN SUPPORT OF RETURN.

*Ex parte* affidavits in support of the return, filed four or five months after it was filed, cannot be considered by this court, since affidavits of others than the defendant, attached even to the return, are properly no part thereof.

Mandamus by William L. Thiedemann to compel the Michigan State board of dental examiners to issue a license for the practice of dentistry. Submitted October 28, 1919. (Calendar No. 28,785.) Remanded to the circuit court of Kent county for the taking of testimony December 23, 1919.

*Charles G. Turner,* for plaintiff.

*William K. Klute,* for defendant.

PER CURIAM. In May, 1918, this plaintiff, as petitioner, presented his petition to this court, sworn to May 3, 1918, praying that a writ of mandamus might issue directed to the defendant board, commanding it to cause a license to be issued to him under sections 3 and 5 of Act No. 338 of the Public Acts of 1907, as amended by Act No. 183 of the Public Acts of 1913 (2 Comp. Laws 1915, §§ 6750, 6752), to practice dentistry in this State. He represented that, in the fall of 1917, desiring to locate and practice his profession in this State, he made such application for an examination as to his proficiency in his profession. He represented that he successfully passed the examination required of him by the defendant board, and that he had never received his license to practice den-

tal surgery in this State, and that the board refused to give the same to him.

An order to show cause why the writ of mandamus should not issue was made, and the board made return and answer thereto. Among other things it was specifically stated in the return of said defendant board that the petitioner had failed to pass his examination on certain subjects, and was not entitled to a license to practice under the laws of the State of Michigan. This return was not traversed by any plea; and this court, applying the somewhat technical rule of the statute, held that the answer of the defendant board, in the absence of a plea, must be taken as true and conclusive, and for that reason the writ of mandamus was denied. (See 204 Mich. 151.)

In April, 1919, the petitioner presented the petition in the instant proceeding, under section 10 of the said acts, praying to be licensed and registered by the defendant board to practice dentistry and dental surgery in the State of Michigan; that such application was made on the 2d day of April, 1919; and that said application was refused by the defendant board. The return of the defendant board stated, among other things, that the equality of the standards recognized as a matter of comity between the States of Wisconsin and Michigan pertaining to the practice of dentistry and the reciprocal issue of licenses was regulated between the dental boards of the two States under a contract for the purpose of effecting a mutual understanding, executed by their respective dental boards, and a true copy of such contract, called a "reciprocity contract," was set forth in said answer in full. The return averred that the said contract was on file and a part of the records of the defendant board, and had been in operation between the two States since the 29th day of May, 1917, the date of its execution, and was still in force; that it constituted

a part of the rules and regulations of the defendant
board with reference to the application for license
of registrants coming from the State of Wisconsin
and seeking a license to practice dentistry in the State
of Michigan, and that no other or different regulations
touching that subject were in force between the two
States.   The return further stated that dental regis-
trants from no State in the Union not having recipro-
cal contracts with Michigan of like terms, as shown
in said contract, were granted licenses by the board,
without such registrants seeking license in Michigan
should have first passed a full examination by said
board upon both practical and theoretical dentistry;
and that all registrants from such States were uni-
formly required to take and pass such examination in
practical dentistry, as set forth by defendant in the
former mandamus case of petitioner; that all regis-
trants from numerous States, including Wisconsin,
seeking license to practice dentistry in Michigan, were
required, among other conditions, to take and pass an
examination in practical dentistry before in any event
being entitled to practice dentistry in Michigan.   It
further stated that the dental board of the State of
Wisconsin did not accord to residents of Michigan,
dental registrants seeking license to practice den-
tistry in that State, any other or different privileges
or rights than such as are provided in the said reci-
procity contract, and does not issue licenses to Michi-
gan dental registrants applying for licenses to prac-
tice dentistry in Wisconsin, merely upon presentation
of a license from the Michigan dental board.   We shall
not here set forth all the statements contained in the
return of the defendant board, as the same are readily
found in the record.

Upon the filing of said return, the plaintiff and pe-
titioner filed a plea, in which every substantial alle-
gation of fact contained in said answer was denied,

thus forming an issue as to nearly every allegation contained in the return of defendant board. It thus appears that this controversy is before this court for the second time. We have been, and are, desirous of disposing of the case upon its merits, but cannot do so in the present state of the record. Section 4 of chapter 36 of the judicature act, being section 13440 of the Compiled Laws of 1915, which is a re-enactment in part of and supersedes sections 9970 and 9971 of the Compiled Laws of 1897, provides as follows:

"Whenever a return shall be made to any such writ, the person prosecuting the same may plead to all, or any of the material facts contained in said return; and such issue of fact thus joined, shall be determined as in other cases: *Provided*, That all material facts stated in said return, that are not specifically denied by the plea, shall be taken as admitted to be true. In case no plea is filed to such return the cause shall stand for hearing upon the petition and return. Such issue of fact shall be tried in the county within which the material facts are alleged to have taken place."

In referring to the statute which has been merged into the present statute, Justice CAMPBELL, speaking for the court, in *Township of Roscommon* v. *Midland Supervisors*, 49 Mich. 454, 457, said that its provisions relate to cases where the writ of mandamus had been issued in the first place, and a return had been made to it under which issues were made of fact or law; but he goes on to state that substantially the same practice obtained where an order to show cause had been made, and a return filed thereto. Formerly in this State in mandamus cases the only pleadings contemplated were the relator's petition and the respondent's answer or return; and if the relator desired to controvert the facts stated in the answer issues were formed under the direction of the court. See *Lewis* v. *Detroit Board of Education*, 139 Mich. 306.

Under the present practice this issue is now formed

by the filing of a plea under the modified statute above set forth; and hence we held that, in the instant case, there was no occasion for framing issues, as the issues are already presented by the plea of the petitioner. The record showing that by the plea substantially all the material statements contained in the return of the defendant board are denied, we find it impossible to lay our hands upon facts in the case necessary to its disposal. For instance, desiring to look into the so-called reciprocity contract, we are confronted with the plea, which denies the very existence of such contract. The fact that such contract was made and exists, as well as the facts upon the claimed practice of the respective boards thereunder, cannot be disposed of without testimony in the case. It is true that the plea of petitioner, and argument of his counsel, goes largely to the question of the validity of any such claimed contract, but the fact of its existence being denied renders it impossible, upon this record, for us to consider it at all. We defer expression of opinion upon the validity of such contract, if one is shown by the evidence to exist, and to be in operation, until final decision of the case.

Another difficulty that confronts us with the present record is that we are asked by the defendant board to consider numerous *ex parte* affidavits in support of the return of the board, but filed four or five months after such return was filed. It has been held in this State that affidavits of others than the defendant, attached even to the return, are properly no part thereof. See 2 Stevens' Michigan Practice, p. 407, and Michigan cases there cited. This is an additional reason why testimony should be taken in this case. We have here presented the anomalous condition of square issues of fact, without any evidence upon the subjects.

A perusal of the pleadings, so-called, makes clear the issues formed by the plea. We think it our duty,

in view of the public interest involved, to refer these issues to the circuit court for the county of Kent, that testimony offered by either party may be taken and returned to this court. A reference to the circuit court for the county of Kent to take testimony on the issues formed by the plea is hereby made. Such testimony will be returned to this court by the judge of said circuit court, together with his opinion thereon, with all convenient speed, and in the meantime the determination of the case will be withheld.