Argued March 12, affirmed April 13, rehearing denied June 15, 1920.

# STATE Ex Rel. v. STATE BOARD OF DENTAL EXAMINERS.

## (188 Pac. 960; 190 Pac. 338.)

**Physicians and Surgeons—Dentist License; "Practice Dentistry"; "Conduct Dental Office."**

1. Dentist who was operating and maintaining a dental office in the state on January 1, 1919, was entitled to a license under Laws of 1919, page 177, Section 1, such statute not conflicting with Section 4777, L. O. L., as amended by Laws of 1919, page 175, pertaining to the right to practice dentistry, the right to conduct a dental office and the right to practice dentistry being separate and distinct, the one not including the other.

### ON PETITION FOR REHEARING.

**Physicians and Surgeons—Dentists—License to Practice—Necessity for.**

2. Under Laws of 1919, page 177, one holding license or privilege only to conduct, manage, or maintain a dental parlor must confine himself strictly to such activities, maintaining an office, having all instruments and appliances, and employing competent dentists, but cannot himself engage in practice of dentistry or examination of patients without being also licensed to practice dentistry.

**Physicians and Surgeons—Dentists—License—Statute.**

3. Laws of 1919, page 177, requiring every individual or member of any firm, with certain exceptions, to obtain license to practice dentistry before engaging in conducting or maintaining a dental office or parlor within the state, is constitutional.

> [As to constitutionality of statute requiring dentists to take out licenses as impairing vested rights of previous practitioners, see notes in 19 Ann. Cas. 833; Ann. Cas. 1914B, 399.]

From Multnomah: John P. Kavanaugh, Judge.

Department 2.

This is a proceeding in *mandamus*. It is alleged that the relator is sixty-one years of age, a resident of Portland and a law-abiding citizen of good moral character; that he was born in Wisconsin and through his poverty was denied a college education; that in 1876 he entered the dental office of S. A.

96 Or.—34

Garber, at Tipton, Iowa, where he remained for six years and was engaged as a pupil, receiving from his preceptor practical knowledge and experience in the dental profession; that in 1888 he applied to the Iowa State Board of Dental Examiners for a license to practice in that state, which was granted him; that for nineteen years he practiced his profession in Iowa, during which time he was a member in good standing of the Iowa State Dental Society; that on January 1, 1919, and for some time prior thereto he was and now is engaged "in the actual business of conducting, operating and maintaining a dental office or parlor in the state of Oregon," in the City of Portland, and is engaged in the practice of dentistry; that he is competent, skilled and qualified to maintain such practice. It is then averred that on July 10, 1919, he made a duly verified application to the defendant for a license to practice dentistry in Oregon, which was supported by the affidavits of three qualified and disinterested citizens of the state, copies of which are attached to the petition, and that he tendered the required fee. He charges that the defendant wrongfully and unjustly refused, and continues to refuse, to issue such license to him; that by reason thereof he is compelled to practice his profession without a license; that the public views him with distrust and suspicion and regards him as unskilled and unqualified to practice dentistry; that it was the duty of the defendant to issue such license to him; and that his only remedy is by a writ of *mandamus*.

The defendant filed a general demurrer to the petition for an alternative writ, which was overruled, and then answered, denying all of the material allegations of the petition, and as a further and

separate defense averring that on July 10, 1919, the relator filed his written application for a license to practice dentistry, under Chapter 120, Laws of 1919; that he does not possess training and qualifications which entitle him to a license; that in September, 1917, he was convicted of practicing at Bend, Oregon, without a license; that he then agreed that on suspension of his fine he would never again practice without a license in this state; and that, if the relator did practice dentistry thereafter, as alleged, he did so secretly and without the knowledge of the defendant, in violation of his promise. It is then alleged that Chapter 120, Laws of 1919, does not provide that the defendant shall issue a license for the practice of dentistry; that the only license which could be given thereunder is one to conduct, manage and maintain a dental office in this state; and that the statute mentioned is void, meaningless and against public policy.

Replying, the relator denied all of the material allegations of the further and separate answer. On the issues thus framed, testimony was taken, and the court made findings of fact and conclusions of law, upon which it ordered that a peremptory writ of *mandamus* should be directed to the defendant commanding it to issue to the relator a license ''to conduct, manage and maintain a dental office or parlor in this state,'' upon receipt of the annual license fee. The defendant appeals, assigning numerous errors, in particular that Chapter 120, Laws of 1919, is ''void, unintelligible, meaningless and inconsistent, and in conflict with'' Chapter 119, Laws of 1919.

AFFIRMED.

For the State there was a brief over the names of *Mr. Louis E. Schmitt, Mr. George M. Brown*, At-

torney General, and *Mr. Walter H. Evans,* District Attorney for Multnomah County, with an oral argument by *Mr. Schmitt.*

For respondent there was a brief and an oral argument by *Mr. John W. Kaste.*

JOHNS, J.—1. The first law on this subject was enacted in 1887 and is entitled:

"An act to regulate the practice of dentistry in the state of Oregon and providing penalties for the violation of the same": Laws 1887, p. 97.

Section 1 of this act provides:

·"Nothing in this act shall apply to any person engaged in the practice of dentistry or dental surgery in this state at the time of the passage of this act. * * "

This was amended in 1899 (Laws of 1899, page 202) to read:

" * * Provided, that said board may admit to examination such other persons of good moral character as shall give satisfactory evidence of having been engaged in pupilage and in the practice of dentistry in the state of Oregon prior to the passage of this act. * * All dental colleges which are members of the national association of dental faculties shall be deemed reputable and in good standing."

Although the act was further amended in 1905, (page 209), 1909 (page 93), and 1913 (page 715), no change was made in the above provision. By Chapter 119, Laws of 1919, Section 4777, L. O. L., being the original act of 1887, was amended to read as follows:

"Any person desiring to practice dentistry in the state of Oregon after this act takes effect shall file his or her name, together with an application for examination, with the secretary of the board of dental examiners, and at the time of making such an

application shall pay to the secretary of the board a fee of $25 and shall present himself or herself at the first regular meeting thereafter of said board, for examination as to his or her fitness therefor; and no person shall be eligible to practice the same unless he or she shall be shown to be of good moral character and shall present to said board his or her diploma from a dental college which is a member of the national association of dental faculties, or whose requirements for graduation, in the judgment of the 'state board of dental examiners,' are equal to that of a member of the national association of dental examiners; Provided, that said board may admit to examination such other persons of good moral character as shall give satisfactory evidence of having been engaged in pupilage and in the practice of dentistry in the state of Oregon prior to the passage of this original act. * * ''

At the same session of the legislature, Chapter 120, Laws of 1919, was passed, entitled:

''An act to require every individual, or if a member of any firm, association, company or corporation, to obtain a license to practice dentistry before engaging, conducting or maintaining a dental office or parlor within this state.''

The enactment is as follows:

''That every individual, or if a member of any firm, association or corporation, shall, before engaging, conducting, operating or maintaining any dental office or parlor, in any way, obtain a license to practice dentistry in this state; Provided, however, that any individual, firm, association or corporation engaged in the actual business of conducting, operating or maintaining any dental office or parlor in the state of Oregon, on January 1, 1919, shall upon proper proofs, by affidavits, of such fact, together with a statement of the names of the persons constituting the individuals, firm or association and the names of the stockholders of the corporation, presented to the 'state board of dental examiners,' be

exempt from the provisions of this act, and be issued a license by the state board of dental examiners, to conduct, manage and maintain a dental office or parlor, upon the payment to the board of the same annual license fee paid by licensed dentists.

"Any individual, or if a member of any firm, association, company or corporation, who shall engage, conduct, operate or maintain, in any way, a dental office or parlor, without first having obtained a license to practice dentistry within this state, as in this act provided, shall be guilty of a misdemeanor and upon conviction shall be fined in any sum not less than fifty dollars ($50) nor more than two hundred dollars ($200) or be confined by imprisonment for not more than six months in the county jail, or be both fined and imprisoned, for each and every offense.

"All acts or parts of acts in conflict herewith are hereby repealed."

As a witness the relator admitted that on September 12, 1917, he was charged with practicing dentistry without a license at Bend; that he pleaded guilty and was fined $50; that sentence was suspended on condition that he would not repeat the offense, but that he continued to practice thereafter at Bend; that in 1918 he moved to Portland, where he opened a dental office; that he is not a graduate of a dental college, and that he has never obtained a license in Oregon. He further admitted that he could not comply with the requirements necessary to obtain a license to practice. Hence we must assume that he does not have a license to practice dentistry and is not entitled to one.

Chapter 120, Laws of 1919, was House Bill 216 and is a companion of and a sequence to Chapter 119, House Bill 215. It appears from the legislative journals that Section 1 of Chapter 120 as it was introduced and passed the house did not contain any

proviso whatever; that it was amended in the Senate to include the modification above quoted, but was not otherwise changed, and that it was thereafter returned to and approved by the house. Although this proviso is in conflict with Section 2 and the title of the act, yet it is apparent that it was inserted in order to exempt from the statute "any individual, firm, association or corporation engaged in the actual business of conducting, operating or maintaining a dental office or parlor in the State of Oregon on January 1, 1919," upon the terms therein stated. The record shows that on January 1, 1919, the relator was operating or maintaining a dental office in Portland. For this reason we agree with the trial court in its conclusion that he is entitled to maintain a dental office. It is the evident purpose of the proviso to permit such individuals to manage or conduct a dental office or parlor, as distinguished from those who may actually engage in the practice of dentistry; but a license merely to conduct an office does not carry with it the right to practice dentistry. They are separate and distinct, and the one does not include the other. If at any time the relator should fail to comply with the limitations of his license he would violate the law and subject himself to the prescribed penalties. The judgment is affirmed.                    Affirmed.

McBride, C. J., and Bean and Bennett, JJ., concur.

Rehearing denied June 15, 1920.

PETITION FOR REHEARING.

(190 Pac. 338.)

*Mr. Louis E. Schmitt, Mr. George M. Brown,* Attorney General, and *Mr. Walter H. Evans,* District Attorney, for the petition.

*Mr. John W. Kaste, contra.*

Department 2.

McBRIDE, C. J.—The original opinion in this case will be found in 188 Pac. 960, not being as yet published in the Oregon reports.

Both parties file petitions for rehearing. The relator objects to that part of the opinion which contains the following language:

"It is the evident purpose of the proviso to permit such individuals to manage or conduct a dental office or parlor, as distinguished from those who may actually engage in the practice of dentistry; but a license to conduct an office does not carry with it the right to practice dentistry. They are separate and distinct, and the one does not include the other. If at any time the relator should fail to comply with the limitations of his license, he would violate the law and subject himself to the provided penalties."

2. It is objected that this language is *dictum* and not necessary to a decision of the case. We do not so regard it. It was necessary and proper for this court to construe Chapter 120 of the Laws of 1919, and particularly pertinent for it to construe the proviso under which, if at all, the relator had authority to conduct a dental parlor. The opinion specifies the exact limitations under which the relator must conduct such business. In our view of the law there is no substantial distinction between "conducting" a

dental parlor and "maintaining" or managing one. To put the case plainly, the relator, under a license or privilege to "conduct, manage, or maintain a dental parlor," must confine himself strictly to those duties. He may maintain a dental office, have all the instruments and appliances for the extraction, filling, or treatment of teeth, and to manufacture false teeth, and employ competent dentists for that purpose, but can no more engage in the actual practice of dentistry, or in the examination of patients, or advise them in relation to their treatment, than if he had no license whatever. These things must be done by properly licensed employees, and if he even pulls or plugs a tooth, or advises as to its treatment, or manufactures or helps to manufacture false teeth for patients, he is a violator of the law against practicing dentistry without a license. We trust we have made ourselves sufficiently plain upon this point.

3. We see no constitutional objection to Chapter 120, Laws of 1919, and assume, without deciding, that a license issued to conduct a dental parlor is subject to revocation, the same as a license to practice medicine. The distinction between maintaining a dental parlor and engaging in the practice of dentistry seems to us plain. The person conducting a dental parlor furnishes the place and the appliances, by means of which persons actually licensed to practice dentistry can carry on that business; but unless such person, in addition to being licensed to conduct such parlor, is also licensed to practice dentistry, he cannot personally do a single act toward the relief of persons who resort to his parlors for treatment.

Both petitions are denied.

AFFIRMED.   REHEARING DENIED.

BEAN, JOHNS and BENNETT, JJ., concur.