## THIEDEMANN *v*. STATE BOARD OF DENTAL EXAMINERS.

DENTISTRY—RECIPROCAL STATUTE BINDING ON STATE BOARD—MANDAMUS.

The State board of dental examiners is without power to make a so-called reciprocal contract with the dental board of another State prescribing new terms and conditions to the provisions of the reciprocal statute (2 Comp. Laws 1915, § 6757) prescribing the conditions under which a dentist coming from another State which reciprocates with this State may be licensed and registered in this State, and where it is admitted that plaintiff has complied with all the conditions required by said statute, and defendant board refuses to issue him a license because he has not complied with the terms of the reciprocal contract, mandamus will issue to compel the board to issue same.

On validity of statute or regulations affecting right to practice dentistry of one who has practiced in another State, see note in L. R. A. 1915D, 538.

Mandamus by William L. Thiedemann to compel the State board of dental examiners to issue a license for the practice of dentistry in this State.    Submitted April 5, 1921.   (Calendar No. 28,785.)   Writ granted June 6, 1921.

*Charles G. Turner*, for plaintiff.

*William K. Clute*, for defendant.

STONE, J.   The plaintiff, a resident of Wisconsin, was first before this court in May, 1918 (see 204 Mich. 151), when he presented his petition praying that a writ of mandamus might issue directed to the defendant board, commanding it to cause a license to be issued to him under sections 3 and 5 of Act No. 338, Pub. Acts 1907, as amended by Act No. 183, Pub. Acts 1913 (2 Comp. Laws 1915, §§ 6750, 6752), to practice dentistry in this State.   That petition was denied because it appeared in the return of said defendant board that petitioner had failed in his examination on certain subjects.   The reasons are fully stated in the opinion above referred to.

In April, 1919, the plaintiff presented his application to said board in the instant proceeding under section 10 of the said act (2 Comp. Laws 1915, § 6757) praying to be licensed and registered by the defendant board to practice dentistry and dental surgery in Michigan; such application was made on April 2, 1919, and said application was denied by the dental board.   In his petition for the writ of mandamus in this court in the instant proceeding, plaintiff represented that he was a graduate of the Marquette University of the city of Milwaukee, Wisconsin, dental department, and was graduated in the class of May 1, 1905; that said Marquette University, dental department, was recognized as that of the first class, among dental colleges of the United States, and that he re-

ceived his diploma from the faculty of said university on May 1, 1905. That he also had a license from the dental board of the State of Wisconsin, which said board had a standard equal to that required for registration by the Michigan board of dental examiners, in this State. That petitioner, under said license issued by the board of dentistry of the State of iWisconsin, and under his diploma from the Marquette University, dental department, had practiced in the State of Wisconsin from 1905 until the time of such application. That petitioner, being desirous of locating and practicing his profession in the State of Michigan, made such application under said section 10; that before making said application to the board of dental examiners of the State of Michigan he ascertained that the requirements for registration in Wisconsin were deemed by the Michigan board of dental examiners to be equivalent to those of the Michigan act, above referred to. That petitioner, before making said application, caused an investigation to be made as to whether or not the State of Wisconsin accorded a privilege to holders of certificates from the board of dental examiners of the State of Michigan to practice in Wisconsin, and found that said board did reciprocate and allow a certificate of registration to be given applicants as provided for in section 10 of said Michigan act. That at the time of making said application to said board of dental examiners, petitioner caused to be presented, together with his application, a certified copy of his certificate of registration or license, which had been issued to him in the State of Wisconsin, where the requirements for registration are deemed by said board to be equivalent to those of said act.

An order to show cause having been granted, the defendant board, answering, admitted that plaintiff had a diploma from the dental department of the Mar-

quette University, city of Milwaukee, Wisconsin, as stated in his petition. It admitted that said dental department of said university is a reputable dental college, organized and existing under the laws of the State of Wisconsin. It also admitted that plaintiff had a license to practice dentistry in Wisconsin, issued to him by the said board of dental examiners of that State. The answer of defendant board contains the following:

"The equality of standards recognized as a matter of comity between the States of Wisconsin and Michigan, pertaining to the practice of dentistry, and the reciprocal issuance of licenses, respondent says that the subject is regulated between the dental boards of the two States under a contract for the purpose of effecting a mutual understanding, executed by their respective dental boards, a true copy of which contract is as follows:

" 'Reciprocity Contract.

" 'This agreement, made and entered into this 19th day of May in the year 1917, by and between the board of dental examiners of the State of Michigan and the board of dental examiners of the State of Wisconsin, witnesseth: That in consideration of the acknowledgment of the equality of standards of our respective States pertaining to the practice of dentistry and the qualifications therefor we do hereby agree to recognize licenses issued by our respective boards in so far as the laws governing the same will permit, under the following conditions, towit: Any applicant having a license in one State and having been in legal and ethical practice for five years or more within the State from which said applicant seeks recommendation, who shall be thoroughly investigated by the State dental board from which such applicant seeks recommendation, a copy of the findings of such investigation always to accompany any letter of recommendation, may be admitted to the examinations in the State to which applicant seeks entrance, without further examination in that work commonly known as "theory" in the profession of dentistry, but shall be subject to examination in the practical work as given by our respective boards.

" 'This agreement shall be in force from the day of its being signed by the members of both boards and may be terminated

at any time by either party by said party giving to the other party sixty (60) days' notice.'" (Signed by the members' of the respective boards.)

There was a plea of the plaintiff to the matters alleged in the return of the said board, in which it was averred that the answer of defendant with reference to said contract, herein called a "reciprocity contract" was not true; that the said right to equality of standards and the right to be admitted to practice, between the State of Michigan and the State of Wisconsin, did not depend on any contract relations or mutual consent, as claimed in such return, and that neither of said dental boards had any right or authority to pass or enter into any such contract, and that they had no legal or binding contract between themselves; that in truth and in fact the right and authority of the Michigan State board of dental examiners to admit applicant for registration in Michigan from the State of Wisconsin is governed by section 10 of said Michigan act, and in no other manner, and that the authority of the said board of dental examiners of the State of Wisconsin is controlled by section 5 of chapter 56c, § 1410h, Wisconsin Statutes of 1913, and that if any such contract had been made between the State board of dental examiners of Michigan and the State board of dental examiners of Wisconsin, such contract was void and without authority, and was an assumption of right on the part of the said boards, and of the fact that they have no such contracts and no legal right to make such contracts, and the plaintiff puts himself upon the country, etc. And, referring to the so-called reciprocal contract, the plea further stated that the said board had no authority to make such provisions, and that their rights and duties were governed by the laws of this State, and that they had no authority under the laws of Michigan to make such contracts, and there was no law in Wisconsin authorizing such

reciprocal contract, and that it was immaterial as to other States mentioned in the return of the defendant. The record showing that by said plea substantially all the material statements contained in the return of the defendant board were denied, the issues formed by the plea were referred to the circuit court for the county of Kent to take such testimony as might be offered by either party, and that the same should be returned to this court, together with the opinion of the circuit judge thereon. (See 208 Mich. 552.) Such testimony has been taken, and the same has been returned to this court, together with the opinion of the circuit judge thereon. The record containing such testimony is much larger than it should have been, for the reason that the parties went far afield and took testimony relating to the first petition filed in this court, which was in our judgment entirely irrelevant and immaterial, in disposing of the issues in this case. We have read the record containing the testimony, however, with much care, and it is apparent that the parties are widely apart upon the construction of the statutes in question. We invite attention to, but shall not quote, sections 2, 3 and 5 of the Michigan act. Section 10 of the act, being section 6757, 2 Comp. Laws 1915, reads as follows:

"An applicant shall be registered and given a certificate of registration if he or she present a certified copy of certificate of registration or license which has been issued to said applicant in any other State or foreign country where the requirements for registration shall be deemed by said board to be equivalent to those of this act: *Provided,* That such country or State shall accord a like privilege to holders of certificates from this board. The fee for registration of applicants of this class shall be ten dollars, to be paid at the time of application."

The relevant Wisconsin statute reads as follows:

"Section 5. The State board may, without examination, issue a license to any applicant therefor, who shall furnish satisfactory proof to said board, that he has been duly licensed to practice dentistry in some other State than Wisconsin, and that he has been lawfully and reputably engaged in said practice for five years next preceding his application; said proof must be deposited in person with the secretary of the State board of dental examiners of this State. *Provided,* however, that the State or States in which said applicant has so practiced dentistry requires or require a preliminary education, equal to that required in this State, of all applicants for licenses to practice dentistry in this State, and provided the State or States in which he has so practiced dentistry extends or extend to the dentists of this State, who may remove to said State or States, a similar privilege of practicing dentistry without examination; provided, however, that if a dentist who is licensed to practice in this State, removes to another State and engages in the practice of dentistry in said State, he shall have his name carried on the list of dentists of this State upon the payment of the annual registration fee while out of this State. The fee for such license shall be twenty-five dollars." Wisconsin Statutes of 1913, chap. 56*c*, § 1410*h*.

The history of the Michigan legislation upon this subject seems to be as follows:

Section 1 of Act No. 140, Pub. Acts 1883, being an act to regulate the practice of dentistry in the State of Michigan, reads as follows:

"That it shall hereafter be unlawful for any person to practice dentistry in this State unless such person has received a diploma from the faculty of a reputable dental college, duly incorporated under the laws of this, or some other State of the United States, or a certificate of qualification from the board of examiners, provided for by this act: *Provided,* That the provisions of this section shall in no way apply to, or affect any person who is now located, and in actual practice in this State."

Act No. 63, Pub. Acts 1893, amended section 1 of the above act by adding the following proviso:

"That a certificate shall be issued by said board of examiners to anyone who has received a diploma from the faculty of a reputable dental college, duly incorporated under the laws of this or some other State of the United States, with a course of instruction and practice fully equal or equivalent to that of the college of dental surgery of the University of Michigan."

This remained the law until Act No. 338, Pub. Acts 1907, was enacted, which contains section 10 in the identical language in which it now appears in 2 Comp. Laws 1915, § 6757.

Section 2 of the present act (being section 6749, 2 Comp. Laws 1915) contains the following language:

"Said board shall have full powers to make by-laws and necessary regulations for the proper fulfillment of their duties under this act."

In our opinion the crucial question in this case is whether under the guise of making by-laws and regulations for the proper fulfillment of their duties, the dental board has any authority to make a contract with the board of another State like the reciprocity contract above referred to. It is the claim of the defendant board that it has such power and authority. This is denied by the plaintiff, who takes the position that section 10 stands by itself and is entirely independent of the other sections of the statute requiring an examination of an applicant. It is urged by the plaintiff that it cannot be said that the reciprocal contract has any reference to section 10, because upon its very face it requires an examination to be held, while section 10 is silent upon that subject, and that section 10 is entirely independent of the rest of the chapter and forms a class by itself, and is subject only to the proviso: "that such country or State shall ac-

cord a like privilege to holders of certificates from this board."

It appears in the evidence that a few applicants, two or more (and the witnesses were quite indefinite upon this subject), have been admitted in Wisconsin under their section 5 without examination. It may be said the section 10 is mandatory, if the board has determined the standing of the State issuing the license, but not operative unless there is reciprocity established by law. Reciprocity is established by the statutes of the States, and not by agreement between boards. The boards have not the power, and cannot by agreement or failure of agreement emasculate the reciprocity established by the statutes of the States. Our statute provides for the registration of the applicant presenting a certificate of registration which has been accorded him in another State, where the requirements for registration are deemed by the board of this State to be equal to those prescribed by law in this State. Does the applicant hold such a certificate and has he presented a certified copy thereof to the board? This seems to be admitted. It may be said also that it appears, even by the reciprocity contract, that it has been determined by the board that the requirements for registration in Wisconsin are equivalent to those of this State. This not only appears from the agreement itself, but the evidence of the members of the board shows that the requirements for registration in Wisconsin are equivalent to those of this State. Does the law of Wisconsin accord the privilege of registration to those registered in Michigan? We think an examination of their statute answers this question in the affirmative.

We think there is much force in the position taken by the plaintiff, that the boards of the respective States cannot adopt rules and regulations which add new terms and conditions to the provisions of section 10 of

the Michigan act, and it is but a repetition to say that that section has stood since 1907, as an entirely independent provision governing the admission of applicants from other States, where those States accord a like privilege to holders of certificates from this State. If this is true, then it is the duty of the board to register and give the applicant a certificate of registration. There is no comity and no reciprocity established by law, if the board of either State may exact conditions not imposed by statute, but an effort to go beyond the statute does not and cannot affect the comity and reciprocity established by law. The following testimony of a member of the defendant board is significant:

"*Q*. You think that section 10 gives you the right to make a contract with a foreign State in which you are adding requirements on the applicant that are not in the law?
"*A*. Absolutely."

In numerous instances the defendant members of the board spoke of section 10 as "a dead letter."

The infirmity and weakness in the position and action of the defendant board is that it is trying to annex the provisions of section 3 of the act to section 10, and this it seems to us cannot be done. Section 3 governs where there has been no reciprocity established by law and made effective by law of a sister State.

The following appears in the cross-examination of one of the members of the defendant board:

"*Q*. Now, your board admit that Dr. Thiedemann is a graduate from a reputable dental college?
"*A*. Absolutely.
"*Q*. And that he practiced twelve years under that diploma and his Wisconsin license?
"*A*. We don't question that at all.
"*Q*. And you also admit the equality of standard, of course of the State?
"*A*. Yes, sir."

Many collateral questions are discussed by counsel which we do not deem it necessary to consider. The controlling questions have been considered. It appears that the plaintiff is a graduate of a reputable college, and holds a diploma; that he has practiced under that diploma for more than 12 years; that he has had yearly licenses from the State dental board of Wisconsin; and the equality of standards of licentiates of Wisconsin and licentiates of the Michigan board is shown. It appears that the plaintiff presented to the Michigan board of dental examiners a certified copy of registration or license which had been issued to him in the State of Wisconsin.

It appears that the requirements for registration are deemed by the Michigan board to be equivalent to those of Michigan. But it is said plaintiff did not comply with the contract relations, and provisions contained in the so-called reciprocity contract. In our opinion the provision of the statute cannot be abrogated, altered or annulled by such a contract. If section 10 is unwise, the legislature can repeal it, but it cannot be ignored by the defendant board, so long as it is a part of the law of the State.

It follows that the writ of mandamus should issue as prayed for. As defendant is a public board, and has, we think, acted in good faith, no costs will be awarded to either party.

The writ will issue.

STEERE, C. J., and MOORE, WIEST, FELLOWS, CLARK, BIRD, and SHARPE, JJ., concurred.