Common Pleas Court of Cuyahoga County.

H. A. TAYLOR ET AL. V. THE NEW SYSTEM PROSTHETIC
DENTAL LABORATORY, INC., ET AL.

Decided May 27, 1932.

*Melville W. Vickery,* and *Arthur J. McCormick,* for plaintiffs.

*William F. Hennessy,* for defendants.

McMAHON, J.

This action is one brought by the plaintiffs as dentists, for themselves and on behalf of all other members of the dental profession and the public generally, against the defendants to restrain them from violating the dental code of the state of Ohio, being Sections 1314 to 1333, inclusive, of the General Code of Ohio.

The plaintiffs in their petition allege that the defendant, the New System Prosthetic Dental Laboratory, Inc., is a corporation organized under the laws of the state of Ohio on or about the 10th day of October, 1930, alleging the existence of the dental code above referred to, and that it was in full force and effect at the time of

the incorporation of the defendant company; that the company, illegally and in violation of the law, has advertised that it provides dental services for the public; that it practices dentistry by hiring dentists to carry on the work of furnishing dental services for which fees are charged and paid to the defendant company; that the acts of the defendant company are illegal and contrary to the rights of the plaintiffs and all other dentists, and tend to bring the dental profession into bad repute and to deceive the public, and are detrimental to the public health and contrary to the public interest; that the defendant company and all other defendants named in the petition of the plaintiffs, illegally and contrary to the statutes of the state of Ohio, have conspired and are conspiring to evade the said statutes, and that the defendant company through the other defendants named in the petition, has furnished dental services to the public procured to enter the offices of the defendant company by said advertisements, and that said acts are illegal and contrary to the rights of the plaintiffs.

To this petition a demurrer has been filed by the defendants on five grounds, to-wit:

1. The court has no jurisdiction of the subject of the action.

2. Plaintiffs have not the legal capacity to sue.

3. Another action pending between the same parties for the same cause.

4. That there is a misjoinder of parties defendant.

5. That the petition does not state facts that show a cause of action.

The first two grounds of the defendants' demurrer can easily be disposed of by referring to the case of *Dworken* v. *Apartment House Owners' Association,* found in 34 O. L. R., 234; 38 Ohio App., 265. In the second paragraph of the syllabus of that case it is said:

"Although equitable relief is never predicated upon the prevention of crime as such, yet the fact that the illegal practice of law by a corporation is punishable criminally, under Sections 1698 and 1698-1 of the General Code, does

not constitute an adequate remedy so as to bar equitable relief against an invasion of the franchise rights of a practicing attorney at law, and of other similarly situated."

The third and fourth ground for the demurrer have absolutely no merit whatsoever. The mere fact that the state of Ohio, acting through the Dental Board of the state, has instituted criminal proceedings against one of the defendants named herein does not constitute another action pending between the same parties, nor do the allegations of the petition show any misjoinder of parties defendant.

Lastly the defendants attack the petition on the ground that it does not state facts sufficient to constitute a cause of action, and in their brief predicate their argument on the theory that the Dental Code of Ohio, Sections 1314 to 1333, inclusive, of the General Code of Ohio is unconstitutional, and cite in support thereof the case of *Ex parte Craycroft*, 24 N. P. (N. S.), 513, in which case Section 1325 and Section 1329-1 are held unconstitutional by that court.

This court is not impressed by the reasoning in the Craycroft case. In the first place much of the argument used by the court in arriving at its opinion, does not apply to the case at bar, in that at the time the defendant corporation was formed the sections of the Code referred to in plaintiffs' petition were in full force and effect and had been so for a period of fifteen years.

The analogy attempted to be drawn by the court in the Craycroft case, between the profession of dentistry and the making of soap, is not at all applicable. The profession of dentistry has a direct relation to the public health.

In Volume 8, Ohio Jurisprudence, 412, par. 289, we find the following language:

"It is a well-settled principle of law that the legislature has the power for the protection of the public, to regulate the practice of any particular profession which requires the possession of special knowledge, skill and training in its exercise. Such professions include those

of attorneys at law, dentists, pharmacists and physicians and surgeons."

What logical reason can any professional man have for wanting to substitute some impersonal trade name or proprietary name for his own? One of the certain effects in so doing being the concealing of his identity from the public. This court accepts the reasoning of the Kansas Supreme Court in the case of *Winslow* v. *Kansas State Dental Examiners*, 115 Kan., 450, wherein it is said:

"Dentistry is a profession having to do with the public health, and so is subject to regulation by the state. The purpose of regulation is to protect the public from ignorance, unskillfulness, unscrupulousness, deception and fraud. To that end the state requires that the relation of the dental practitioner to his patients and patrons must be personal."

The reasoning of the Kansas court has been followed in the case of *State Board of Dental Examiners* v. *Savelle*, 8 Pac., 2d, 693 by the Colorado Supreme Court.

The Kansas case above mentioned is of particular interest in that the Kansas statutes are very similar in nature to the Ohio statutes in question in the case at bar.

It has been held by the United States Supreme Court, and courts of all of the states in the Union, that the state possesses a general power, usually described as police power, to enact such laws in relation to persons and property within its borders as may promote public health, morals, safety and the prosperity of its inhabitants. See the case of *Union Telegraph Company* v. *James*, 106 U. S., 650.

In the case of *State* v. *Bailey Dental Company*, 234 N. W. Rep., 260, an act very similar to the Ohio statute in question was held by the Iowa state court to be a constitutional enactment.

Similar statutes have been upheld in a New York case decided by the Appellate Division of the Supreme Court, found in 178 N. Y. Supp., 533.

In the case of *State of Ohio* v. *Gardner,* 58 Ohio St., 599, it was held as follows:

"The right to labor and enjoy the rewards thereof is a natural right which may not be unreasonably interfered with by legislation. Where, however, the pursuit concerns, in a direct manner, the public health and welfare, and is of such a character as to require a special course of study or training, or experience, to qualify one to pursue such occupation with safety to the public interest, it is within the competency of the General Assembly to enact reasonable regulations to protect the public against evils which may result from incapacity and ignorance."

In that particular case regulations with reference to plumbers and plumbing were upheld. The practice of the dental profession is as closely related to the public health as the practice of plumbing.

Practically all of the states in the Union have upheld statutes regulating the practice of the dental and medical profession. See the following cases:

*Douglas* v. *Noble,* 61 U. S., 165; *Ex parte Samples,* 210 Ala., 544; *Green* v. *Blanchard,* 38 Ark., 137; *People* v. *Max,* 70 Colo., 100; *Abrams* v. *Jones,* 35 Idaho, 532; *People* v. *Wittle,* 315 Ill., 282; *Thedeman* v. *State Board,* 214 Mich., 369; *State* v. *Board of Dental Examiners,* 96 Ore., 529; *State Board of Dental Examiners* v. *Pollock,* 125 Okla., 170; *State* v. *Brown,* 37 Wash., 97; *Lawrence* v. *Board of Registration,* 239 Mass., 424; *State, ex rel. Mayers,* v. *Gray,* 114 Ohio St., 270, and numerous other authorities.

For the reasons above given we do not approve and cannot follow the ruling of the Common Pleas Court of Hamilton county as announced in the Craycroft case above referred to. In our opinion the statutes governing the practice of the dental profession are not an abuse of the police power, but are a valid exercise of that power. The statutes are, therefore, constitutional. The petition of the plaintiffs states a good cause of action and plaintiffs have the legal capacity to sue, being members of a class to whom franchises have been granted, which franchises are valuable rights, and according to the allega-

456

tions of this petition are being interfered with by the alleged acts of the defendants and they, therefore, have the right to maintain the action for themselves and other members of the dental profession, to restrain the violation of these particular acts. See *Dworken* v. *Apartment House Owners' Association,* above cited.

In view of the foregoing opinion the demurrer of the defendants to the petition of the plaintiffs is, therefore, overruled.