Burke, J. (dissenting).
I dissent and vote to affirm. The only issue presented is whether the standard applied by Special Term in this case satisfies the constitutional requirement of definiteness. We are not now concerned with what criteria may have been relied on in other situations.
That which is sought here is not solely permission to accomplish a simple act of business, to organize for political purposes *384 and exercise freedom of speech, but rather to obtain ‘ ‘ the imprimatur of incorporation”, bearing the blessing of the Supreme Court, the benediction of the Secretary of State, and the right to affix the characterization 1 ‘ Incorporated under the Laws of the State of New York ” to public matter so as to enable the organizers to assure themselves the prestige which accompanies the privilege (see Matter of Stillwell Political Club, 26 Misc 2d 931; Matter of Patriotic Citizenship Assn., 26 Misc 2d 995).
A State should not be forced to lend its prestige to efforts of a group whose objectives are a contradiction of State law. No decision of the United States Supreme Court is so clearly to the contrary that we should subordinate our policy to that of the Federal Government..
The use of the word “lawful”, as describing the purposes for which a membership corporation may be formed (Membership Corporations Law, § 10), does not restrict the Justice of the Supreme Court merely to the performance of a ministerial act, but rather requires the exercise of a judicial function. “ That is lawful which is in conformity with * * # the principle or spirit of the law, whether moral or juridical; that is legal which is in conformity with the letter or rules of law as it is administered in the courts ” (Webster’s New International Dictionary [2d ed., Unabridged], p. 1401; Matter of Lewis v. Harlem Dental Co., 189 App. Div. 359). A “ lawful purpose ” hence must be in conformity not only with the letter but also the spirit of the law. To be “ lawful ” then, the purposes of a proposed incorporation, although legal, must also be in harmony with an explicitly defined public policy of a State.
The purposes of the applicant are in conflict with a well-known and recognized public policy of the State of New York, which finds expression in numerous statutes. Consequently the denial of this application by the courts below does not rest on an unconstitutionally vague notion of 6 ‘ what is wholesome public policy ” or on any other vague personal philosophy, but on a definite standard of conduct mandated by the Legislature in various statutes. (Section 290 of the Executive Law states: “ [T]he legislature hereby finds and declares that practices of discrimination against any of its inhabitants because of race, *385 creed, color or national origin are a matter of state concern, that such discrimination threatens not only the rights and proper privileges of its inhabitants but menaces the institutions and foundation of a free democratic state.”)
Incorporation, moreover, is a privilege which may be withheld (see Mayor of City of New York v. Twenty-Third St. Ry. Co., 113 N. Y. 311, 317). It is as much a privilege whether New York individuals or corporate entities of other States seek it (Ashley v. Ryan, 153 U. S. 436).
When such a franchise is sought and where the Appellate Division has unanimously approved an exercise of discretion, we do not interfere if there is any basis in the evidence or the inferences to sustain the action taken below. The record here supports the unanimous conclusion of the Justices of the Supreme Court, which is the agent of the Legislature.
The policies of the petitioners are, beyond argument, in sharp conflict with those of the People of this State, as announced by the Legislature (e.g., N. Y. Const., art !,§!!;“ Equal protection of laws; discrimination in civil rights prohibited”; see, also, specific provisions in Alcoholic Beverage Control Law, Civil Rights Law, Civil Service Law, Education Law, Executive Law, General Business Law, Military Law, Penal Law and Public Housing Law). Therefore, we could not hold that it was as a matter of law an abuse of discretion for the Justice of the Supreme Court to require, as a basic minimum, that the public policy of the granting body not be abridged (see Matter of General Von Steuben Bund, Inc., 159 Misc. 231). The discretion delegated by the Legislature may not be found to be improperly exercised or in violation of rights guaranteed by the United States Constitution when it is based on an oft-reaffirmed State polity, and is consistent with the rationale of decisions of the United States Supreme Court.
Each of the individual members of this proposed corporation has all of those rights of freedom of speech and association as may be guaranteed by either the State or Federal Constitution. Special Term did not prohibit or limit them in any such protected activity. They may continue, as they have undoubtedly done, to gather together and exercise their rights in all permissible forms. But the “ constitutionally protected right of *386 association” is not tantamount to a right of incorporation (compare N. A. A. C. P. v. Alabama, 357 U. S. 449, 463 with Bryant v. Zimmerman, 278 U. S. 63). Petitioner has no absolute prerogative to have a corporation created or to operate one within this State (National Council U. A. M. v. State Council, 203 U. S. 151, 161, 163).
Although we respect the right of petitioners to share a belief that the exercise of freedom of choice is one of the constitutionally protected, inalienable rights referred to in the Declaration of Independence, we may give effect not only to our State public policy but also to the decisions of the United States Supreme Court, all of which are to the contrary.
Accordingly, the orders of the Appellate Division should be affirmed.